Matthew M. Levy, J.
Benjamin Burkin, Leonard H. Burkin, 370 Fulton Ave. Corp. and Fulton-Washington Corp. (asserting that by contracts with Joseph Katz arbitration is provided for when controversies occur) served written notices upon Katz of the designation of their chosen arbitrator. The notices — which were served personally upon Katz on September 14, 1955 —• provided, in accordance with subdivision 2 of section 1458 of the Civil Practice Act, that ‘1 unless within ten days of the date of service of [these notices] of intention to conduct an arbitration, you serve a notice of motion to stay the arbitration herein, you shall hereafter be barred from putting in issue the making of the said agreement and your failure to comply therewith These notices were signed by Benjamin and Leonard and the corporations, with the addresses of each of the individuals given as “ 12 Inverness Road, Scarsdale, New York ”, and the addresses of each of the corporations given as “ c/o Benjamin Burkin, 12 Inverness Road, Scarsdale, New York ”.
Within due time (on September 24, 1955) Katz — by an attorney having an office and post-office address at 527 Fifth Avenue, New York City — served a notice of motion, with supporting papers, that he would move this court for an order restraining the arbitrations attempted to be had by the Burkin group. Katz’s notice of motion to stay the arbitration proceedings was — alas! — served not upon Benjamin, not upon Leonard, not upon 370 Fulton Ave. Corp., not upon Fulton-Washington Corp., but upon one Abraham Kaplan — quite seemingly a complete stranger. As a consequence, the Burkin group (individuals and corporations) — appearing specially as respondents to contest the jurisdiction of the court over their person — moved to dismiss the Katz application upon the ground that his notice of motion and petition to stay the arbitration were not served upon them as required by law. For all that appears from the papers submitted in support of the special appearance, Kaplan was served not because he had any connection or association with the Burkin group, but solely because *69 his office address — 521 Fifth Avenue, New York ■= conveniently happened to be just a short distance from the office address of Katz’s attorney, and it was so much simpler for the petitioner’s counsel to walk across the boulevard to serve a stranger than to travel all the way to Scarsdale in Westchester County and there serve the respondents personally, or even just to send them the papers by registered mail without having to leave New York City to do so (see Civ. Prac. Act, § 1458, subd. 2, infra).
When the issue of jurisdiction arose, on the claim of lack of due service of process, it was learned, however, that the initial notices by the Burkin group, signed by the individuals and the corporations, were also respectively subscribed by one “ Abraham Kaplan, attorney for Benjamin Burkin, Leonard H. Burkin and 370 Fulton Ave. Corp. ’ ’, and by ‘ ‘ Abraham Kaplan, attorney for Benjamin Burkin, Leonard H. Burkin and Fulton-Washington Corp.”; and in each instance that there was noted Kaplan’s “ Office & P. 0. Address, 521 Fifth Avenue, New York City 17, N. Y.” The notices too (each entitled “ Demand for Arbitration ”) were separately clamped in the containing backs of none other than “ Abraham Kaplan, Counselor at Law, 521 Fifth Avenue, New York ”. It thus became apparent that Kaplan and the Burkins were not such strangers after all. But the question remains whether service upon him was — as a matter of law — useless or effectual.
No supporting affidavit is submitted to specify the ground relied upon by either of the respondent corporations. Each individual respondent states that “ your deponent has no ‘ agent ’ upon whom such service could have been effected either personally or by registered mail ”. Apparently the special appearance appears to be based upon language contained in subdivision 2 of section 1458 of the Civil Practice Act, which reads as follows: ‘ The name and address of the party serving such notice of intention to arbitrate, or of an officer or agent thereof if the said party is an association or corporation, shall be endorsed on such notice. The notice of motion for a stay of the arbitration may be served upon the party, or upon the officer or agent thereof, either personally or by registered mail.”
If that were all, a strict and literal construction might justify the respondents’ contention. But that portion of the statute that is relied upon by the respondents is not all of the statute. It will be helpful to examine other sections of the applicable legislation.
*70 A distinction appears to be made as to the jurisdiction of the court when invoked by the party who seeks to compel arbitration and as to the procedure to be followed by the party who seeks to enjoin it. The party who seeks to compel arbitration — where his adversary has failed, neglected or refused to perform under a contract or submission providing for arbitration — may petition the court for an order directing the arbitration to proceed as therein provided, in which case notice of such application ‘ ‘ shall be served upon the party in default. Service thereof shall be made in the manner specified in the contract or submission, and if no manner be specifiéd therein, then in the manner provided by law for personal service of a summons, within or without the state, or substituted service of a summons, or * * * [if unable thus to make service] in such manner as the court or judge may direct.” (Civ. Prac. Act, § 1450.) On the other hand, if a party objects to proceeding to arbitration upon the grounds specified in the statute, his notice of motion for a stay of the arbitration may be served “ upon the party ” who had previously served his notice of intention to arbitrate, without being required to effectuate original service of process (Civ. Prac. Act, § 1458, subd. 2). The point here is that, by the service (without more) of the notice “of an intention to conduct the arbitration ” (Civ. Prac. Act, § 1458, subd. 2), a special proceeding was instituted in each case by the Burkins and their respective corporations. The statute specifically provides that “ [arbitration of a controversy under a contract or submission * * shall be deemed a special proceeding ” (Civ. Prac. Act, § 1459), and any application to the court in the premises “ shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided ” (Civ. Prac. Act, § 1459).
Rule 11 of the Rules of Civil Practice provides as follows: “ Subscription and indorsement by attorney. All papers issued by an attorney shall be subscribed with his name. All papers served or filed in any action or proceeding shall have the name of the attorney indorsed thereon if the party appears by attorney, and if he does not appear by attorney, then the name of the party serving or filing the paper together with the address of the attorney or party as the case requires with sufficient detail for counter-service.” Thus, Kaplan, who subscribed the notices of intention to proceed to arbitration as attorney, appeared for the whole Burkin group (individually and collectively) in the proceedings thus instituted, and invited counter- *71 service, if any, upon him, as attorney for the Burkins. The usual and permissible manner of serving answering papers is, of course, upon the attorney for the moving party (Buies Civ. Prac., rule 20). In consequence, I hold the service to have been valid and effective. In arriving at my determination, I want it noted that I do not rely upon the fact that when the respondents came into court to contest its jurisdiction to hear the Katz objections to the proposed arbitrations, they appeared in court through an attorney who subscribed the motion papers as “ Abraham Kaplan, Attorney for Bespondents appearing specially, Office and Post Office Address, 521 Fifth Avenue New York City.”
In the circumstances, the plea of the respondents to the jurisdiction over their persons is overruled, and their motion to dismiss the petitioner’s application for a stay of the arbitrations is denied. (Cf. Raven Elec. Co. v. Linzer, 302 N. Y. 188,192). The motion-in-chief is restored to the motion calendar at Special Term, Part I, for November 21, 1955, for due determination on the merits. Order signed.