Elbert T. Gallagher, J.
Petitioner moves for a stay of arbitration pursuant to subdivision 2 of section 1458 of the Civil Practice Act.
A preliminary question has been raised by the respondents concerning the timeliness of the motion. The statute provides that the notice of motion must be served within 10 days after the service of the notice of intention to arbitrate. The respondent union served its notice of intention on October 25, 1957. Accordingly, the 10-day period for service of the notice of motion for a stay continued to and including November 4, 1957. The respondents claim that it was not in fact served until November 5. In support of this contention they rely upon the postmark, the notice having been sent by registered mail. However, the affidavit of service states that the notice was deposited in the post office on November 4. In any event, the notice was timely served since, on November 4, 1957 a copy thereof was served personally on Irving Abramson, Esq., who represents the respondents on this motion and whose name, address and designation as attorney for the union, was indorsed on the back of the union’s notice of intention to arbitrate. Section 1458 does not specifically provide for service upon the attorney. However, a motion for a stay does not constitute the institution of a new special proceeding, but is a motion in an already existing special proceeding. (Matter of Grand Central Theatre v. Moving Picture Mach. Operators Union, Local 306, 69 N. Y. S. 2d 115, affd. 263 App. Div. 989.) Section 1459 provides that any *306 motion made pursuant to the arbitration article of the Civil Practice Act “ shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.” The permissible manner of serving motion papers in an already existing action or proceeding is upon the attorney for the opposing party. (Rules Civ. Prac. rule 20.) Therefore, service upon the union’s attorney within the 10-day period limited by the statute was good and timely service. (Matter of Katz [Burkin], 1 Misc 2d 67.)
Petitioner claims that the motion for a stay should be granted on the ground that the union failed to submit its grievances within the time specified in the arbitration clause of the contract. That clause provides, as follows: ‘ ‘ All grievances shall be submitted by the employee or Union within fifteen (15) days after the Employer or Union knew of, or could reasonably have known of, the existence of the grievance.”
In November, 1956, after the present contract had gone into effect, petitioner submitted to the union approximately 280 job descriptions and evaluations. The union claims that the job descriptions contained new and added duties and responsibilities but that the evaluation assigned to each job description remained the same as previously. It was not until some months after petitioner had presented the job descriptions that the union submitted its grievances. The union claims that this lapse of time was necessary in order for it to check the 280 job descriptions against the actual work being performed and that it could not reasonably have known of the existence of the grievances until after it had completed its investigation. Thus, there is presented an issue of fact which is not for the court to decide. (Matter of Local Union 516 [Bell Aircraft Corp.], 283 App. Div. 180, affd. 307 N. Y. 744.) “ The sufficiency and timeliness of the notices for arbitration are matters for the determination of the arbitrator.” (Matter of W. S. Ponton, Inc., 101 N. Y. S. 2d 609, 610.)
The second ground urged in support of the motion is that the grievances submitted by the union are not arbitrable. Article XVII of the contract sets forth the arbitration agreement of the parties. It provides that ‘ ‘ all differences, disputes and grievances between the parties * * * shall * * * be promptly submitted to arbitration.” Further along in the same article is set forth the following: 11 No disputes covering the fundamental relationship of the parties or the wage structure may be submitted to arbitration during the term of this agreement. ’ ’
*307 Petitioner claims that the present dispute involves the wage structure and, therefore, that it does not come within the arbitration agreement. Respondents, of course, disagree but, in addition, contend that the interpretation of the contract as to the meaning of the term “wage structure” is for the arbitrator.
The issues before the court on a motion to stay arbitration are limited to those which arise as to the making of the contract and the failure to comply therewith. (Civ. Prac. Act, §§ 1450-1458.) Every other issue whether of fact or law if it is comprised within the agreement to arbitrate is within the exclusive jurisdiction of the arbitrator. (Matter of Lipman [Haeuser Shellac Co.], 263 App. Div. 880, affd. 289 N. Y. 76.) However, whether the dispute falls within the agreement and is, therefore, arbitrable is for the court to determine in the first instance. (Matter of Miller Art Co. [Firestone], 4 A D 2d 1032.) “ The question of law thus presented as to the scope of the collective bargaining agreement is for the court, and not for the arbitrator to decide.” (Matter of Graphite Metallizing Corp., 271 App. Div. 839.)
While the question is not free from doubt, the court is of the opinion that the present dispute does not involve the ‘ ‘ wage structure.” Simply stated, the dispute is as to whether the jobs in question should be placed into higher “labor grades ” as a result of new and additional duties and responsibilities. In other words, the dispute is over job content and job evaluation. The contract provides for a number of different “ labor grades ’ ’ and fixes minimum and maximum wage rates applicable to each. It then slots the various jobs into the different labor grades. Undoubtedly, should the union succeed on arbitration in having the jobs in question “ upgraded ” the employees holding those jobs would receive wage increases. That, however, does not determine the dispute to be one involving the wage structure. Such increases would be an effect of the dispute, but the dispute is not over wage increases. Moreover, the court is of the opinion that by the term “ wage structure ” the parties intended something more fundamental than the actual wages of any individual employee. It was not disputes over wages but disputes over the “wage structure” which were excluded from the arbitration procedure. The application of the wage provisions to any particular state of facts or any individual employee is not the same as a dispute over the general wage setup itself. The former is of a much more incidental character and, in determining the intention of the parties, the court cannot overlook the fact that such a dispute *308 lends itself to arbitration more readily than does a dispute covering the over-all system of determining wages. That fact becomes of particular significance when it is considered that the only other subject excluded from arbitration was the “ fundamental relationship of the parties.” It was apparently the intention to exclude only the most fundamental disputes. The word “ structure ” itself implies something fundamental or basic. The present dispute involving the labor grade into which a particular job should be placed, even if considered to be one involving wages, is not of such fundamental character. The dispute comes within the terms of the arbitration agreement.
Motion denied.
Submit order on two days’ notice.