Irving H. Saypol, J.
The motion of the defendants, Catherine L. JDoeller, sued individually and as executrix, and William L. Doeller, to vacate and set aside the service of the summons and complaint in this action for fraud and misrepresentation in the sale of stock of the estate is granted in all respects, with costs.
Movants, Catherine L. Doeller, as executrix, and William L. Doeller, are parties to a contract containing a limited provision *836 for arbitration. They are nonresidents. Catherine L. Doeller, as executrix, and William L. Doeller invoked arbitration in this State. Thereupon the plaintiff served their attorney in the arbitration proceeding on the asserted authority of section 227-a of the Civil Practice Act. That statute was enacted in 1949 on the recommendation of the Law Revision Commission (1949 Report of N. Y. Law Rev. Comm., N. Y. Legis. Doc., 1949, No. 65 [B]), its stated purpose being to permit a defendant who is being sued in any court of this State by a nonresident, to commence a separate action or claim by serving the attorney for the plaintiff, providing the action is one which would be cognizable as a counterclaim to that first instituted, if the latter had been commenced in the Supreme Court.
One textwriter suggests that the chief use of the section will be to enable a defendant who is sued in a court of limited jurisdiction by a nonresident, to obtain jurisdiction in personam without being forced to go outside the State to sue (Forkosch, Carmody’s New York Practice, § 123, subd. E).
The moving defendants make two contentions, first that Catherine L. Doeller is not the plaintiff individually in the arbitration, therefore, the attorney who acts for her in her representative capacity is not her personal lawyer. Secondly, the limited scope of the agreement for arbitration makes inadmissible the assertion of this cause of action for fraud as a counterclaim in the proceeding. In other words, the parties never made an agreement to arbitrate a claim based on fraud or misrepresentation, and particularly so since the movant, Catherine L. Doeller, individually is not a party to the agreement (Matter of Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284, 298 [Cardozo, Ch. J.]). The plaintiff cites Garfield v. Mackinney (7 Misc 2d 94), where service was upheld as against a nonresident defendant who had sued individually in the Surrogate’s Court, thus invoking the aid of our courts. But the distinction is crystallized by a consideration of Kangrga v. Bajkic (17 Misc 2d 476) where Mr. Justice Stbeit struck down the service which had been made upon an ancillary administrator in the Surrogate’s Court. In the latter case the proposed defendants were three legatees who had authorized the appointment of the administrator to institute the proceeding in court.
Neither side notices, or at least nobody has said, that the plain language of section 227-a of the Civil Practice Act limits this form of substituted service on a nonresident. It is confined in application so that it is only where an action or proceeding is commenced by a nonresident ‘ ‘ in any court of this state ’ ’ that the method is available. Concededly the arbitration pro *837 ceeding was not commenced nor is it pending in any court. That alone would be enough to vitiate the service. And that is so despite the provision in section 1459 of the Civil Practice Act that arbitration shall be deemed a special proceeding of which the court shall have jurisdiction. As to the instant arbitration proceeding, its coming into court is entirely prospective. Settle order.