Abraham N. Geller, J.
Motions Nos. 37 and 38 of December 16, 1964 are consolidated. Petitioner applies to compel arbitration (CPLR 7-503, subd. [a]). Respondent union cross-moves to dismiss the petition on the ground “ that the court has no jurisdiction of the person of the Respondent for the reason of failure to comply with Section 13 of the General Associations Law.” Petitioner concedes that the proceeding should have been brought against the president or treasurer of respondent, an unincorporated association, and not in name against the association; but urges that this is merely an irregularity which may be corrected by amendment. That is true, provided proper service has been effected to commence the action or proceeding.
Section 13 of the General Associations Law provides that service upon a labor organization, though the proceeding shall be against its president or treasurer, may be made upon anyone of a number of officers listed therein. Here the petition to compel arbitration was served by certified mail upon the union. Although service by certified mail is permitted for notice of intention to arbitrate and for an application to stay arbitration within 10 days after service of such notice (CPLR 7503, subd. [c]), an application to compel arbitration is the commencement of a special proceeding (CPLR 7502, subd. [a]) and must be instituted by service in the same manner as a summons (CPLR 403, subd. [e]).
The petition is therefore dismissed for lack of jurisdiction of the person of respondent.