Matthew M. Levy, J.
This is a motion by the respondent, Motor Vehicle Accident Indemnification Corporation, to confirm the award rendered in an arbitration held under the usual policy endorsement (see Insurance Law, § 167).
The Civil Practice Act provided that ££ [arbitration of a controversy * * # shall be deemed a special proceeding ” (§ 1459; Matter of Katz [Burkin], 1 Misc 2d 67). That does not appear to be the case under the Civil Practice Law and Rules. The new provision (CPLR 7502, subd. [a]) is “ intended to change prior law so that the arbitration would not take on the character of a judicial proceeding until the first application arising out of it is made to a court, whether by institution of a special proceeding or by motion in a pending action” (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.04). Now, it is <£ the first application arising out of an arbitrable controversy which is not made by motion in a pending action ” and which is ££ used to bring ” the issue before a court ” that is procedurally and jurisdictionally designated as the ££ special proceeding” (CPLR 7502, subd. [a]).
*442 “ A special proceeding is commenced and jurisdiction acquired by service of a notice of petition or order to show cause ” (CPLE 304). “ A notice of petition shall be served in the same manner as a summons in an action” (CPLE 403, subd. [c]). “Personal service upon a natural person shall be made: (1) by delivering the summons [or the notice of petition] within the state to the person to be served ” (CPLE 308).* But the “ court may grant an order to show cause to be served, in lieu of a notice of petition at a time and in a manner specified therein ” (CPLE 403, subd. [d]).
The order to show cause, obtained by the respondent to bring on the instant application, provides that service be made “ upon petitioners’ attorneys, either personally or by registered mail ”. There was no appearance by the petitioners or their attorneys on the return date of the motion. The movant’s affidavit states that service of the moving papers was made upon the petitioners’ attorneys by regular mail.
Assuming that it was jurisdictionally appropriate to commence this special proceeding by registered mail and by service upon the attorneys without proof of due diligence in respect of other more direct methods and of the impracticability thereof (CPLR 308, subd. [4]), it is quite clear that such service must be made in the “manner specified” in the order to show cause (CPLR 403, subd. [d]). Noncompliance by the respondent precludes substantive consideration of the application. The nonappearance of the petitioners does not suffice to warrant granting the motion as by “default”. (Cf. my decision in Thrasher v. United States Liab. Ins. Co., 45 Misc 2d 681.)
Accordingly, the motion by Motor Vehicle Accident Indemnification Corporation to confirm the award of the arbitrator is denied, without prejudice to renewal upon proper service.

 There are additional subdivisions of CPLR 308 providing other methods of personal service upon a natural person, but none was utilized in the instant proceeding, and are therefore inapplicable to the issue here discussed.