Francis T. Murphy, J.
Plaintiff, Gillespie & Company of New York, Inc. (hereinafter called Gillespie), a trading company and export expediter, on October 14, 1964 simultaneously entered into contracts with defendants Coleport Fabrics, Inc. (hereinafter “ Coleport ”) and a Canadian corporation, Queens Children’s Wear & Sportswear Ltd. (hereinafter “ Queens Wear ”) whereby Coleport sold certain fabrics to Gillespie and Gillespie sold certain fabrics to Queens Wear. Gillespie contends that it acted as a broker and “ export expediter ” only in the transactions, in return for commissions to be paid it by both parties, and that this was known to Coleport and Queens Wear which had previously, between themselves, agreed upon the terms of the transaction. Coleport denies this assertion, claiming that it sold goods to Gillespie, knowing nothing about any resale by Gillespie to Queens Wear. All the contracts concerned *334 contained arbitration clauses although they provide for different arbitrators.
Subsequently disputes afose concerning the quality of the goods sold, and in July, 1965 Coleport commenced arbitration proceedings against Gillespie before the General Arbitration Council of the Textile Industry — the arbitrator designated on "that contract. (It may be noted that that council is a division and member of the American Arbitration Association, the arbitrator designated in the Queens Wear contract.) In its answer to the demand for arbitration Gillespie sought to add Queens' Wear as a party thereto, claiming that Queens Wear was its disclosed principal in the transaction concerned. However, Coleport refused to consent thereto, and Queens Wear was not so added. Subsequently, in September, 1965, Queens Wear instituted arbitration proceedings against Gillespie before the American Arbitration Association. In the proceeding instituted by Coleport, recovery is sought of Gillespie of the price allegedly agreed to be paid by Gillespie for the fabrics. In the proceeding instituted by Queens Wear recovery is sought of Gillespie in the amount of $50,000 based upon the claim that the fabrics purchased by Queens Wear were defective. At present these two proceedings are still pending, attempts to effect a consolidation thereof having failed. In October, 1965, Gillespie instituted this action, seeking an injunction against the commencement or continued prosecution of claims against Gillespie, arising out of the above transactions, in arbitration or otherwise, and an order requiring Coleport and Queens Wear to assert all their claims against Gillespie in that action. In the pending application, Gillespie seeks a preliminary injunction, staying the arbitration proceedings above described.
Queens Wear has cross-moved to dismiss the complaint upon the ground of improper service, while Coleport has moved to dismiss the complaint as legally insufficient, and on the ground that the court lacks jurisdiction over the subject matter of the dispute. Gillespie urges that service upon Queens Wear was properly made upon Queens Wear’s attorneys pursuant to CPLE 303 urging that the commencement of the arbitration proceeding by Queens Wear effected, under that section, a "designation of Queens Wear’s attorneys as its agent for service of process. Under the predecessor to CPLE 303, section 227-a of the Civil Practice Act, such an argument was rejected; the court holding that the commencement of an arbitration proceeding was not deemed the commencement of an action ‘ ‘ in any court of this state ” as required by section 227-a of the Civil Practice Act. (Titan Research & Development Corp. v. Doeller, *335 30 Misc 2d 835.) While the above-quoted phrase was omitted from CPLR 303, no change in substance was apparently intended (see Weinstein-Korn-Miller, N. Y. Civ. Prac. [vol. 1], par. 303.02, [vol. 8], par. 7502.04). In fact, as noted in the last-cited section CPLR 7502 was enacted to provide that arbitration proceedings do not partake of the character of judicial proceedings until the first application arising out of them is made in court. Thus cases such as Matter of Adam Cons. Ind. (Miller Bros. Hat Co.) (6 A D 2d 515) which held that a consolidation of arbitration proceedings could be ordered by the court are no longer controlling (Matter of Chariot Textiles Corp. [Wannalancit Textile Co.], 21 A D 2d 762; Matter of Contessa Sportswear [Saugerties Mfg. Co.], 49 Misc 2d 50; 16 Syracuse L. Rev. 454). Accordingly Queens Wear’s cross motion is granted, and Gillespie’s complaint, insofar as it seeks the ordering, by this court, of the consolidation of those proceedings, is insufficient. As the arbitration proceedings are pending before two different tribunals, this court could not exercise the power, if any, it might have to order a joint trial. Further, there is no basis for the stay of arbitration sought. The execution of the contracts containing the arbitration clauses is conceded, and, as stated in Matter of River Brand Rice Mills v. Latrobe Brewing Co. (305 N. Y. 36, 41): “ To permit an action at law after the parties have agreed to submit [to arbitration] any dispute arising under a sales contract would be to set at naught the underlying policy which has shaped the growth of arbitration law in this State.” No basis exists for a stay under CPLR 7502 or 7503. Clearly a dispute exists within the scope of the arbitration clauses concerned, and those clauses are contained in clearly valid contracts. Any problem arising out of the possible decisions of the arbitrators and the procedures to be there followed were assumed when the arbitration was agreed to (see Matter of Paloma Frocks [Shamokin Sportswear Corp.], 3 N Y 2d 572). Accordingly the motion is denied, and the cross motion granted.