William W. Serra, J.
This matter has been brought on before the court on an application to compel arbitration under the provisions of CPLR 7503 (subd. [a]).
The petitioners were involved in and injured in an automobile accident within the State of New York on May 17, 1964. They allege the accident was caused solely by the negligence of the operator of an uninsured motor vehicle. At the time of the accident it is alleged that the petitioner, Dale B. Bauer, was an infant. Notices of intention to arbitrate were not served on the respondents until September 16, 1964, and were subsequently, after resubmission with changes, rejected as untimely by the respondent Motor Vehicle Accident Indemnification Corporation, on October 31,1964. The policy of insurance provided, ‘1 Within 90 days or as soon as practicable, the insured or other person making claim shall give to MVAIC written notice of claim under this endorsement.” It is the claim of the petitioners, among other things, that the respondent, State Farm Mutual Insurance Company, brought about the delay by misleading the petitioners concerning the matters of seeking legal advice and filing notices and claims, and is, therefore, a proper party to this proceeding. The insurance policy of the petitioners with the State Farm Mutual Insurance Company contained the clauses required by statute as to liability of the Motor Vehicle Accident Indemnification Corporation (hereinafter designated MVAIC) for accidents with uninsured motor vehicles as required by subdivision 2-a of section 167 of the Insurance Law (L. 1958, ch. 759). It provides, in substance, that MVAIC will pay all sums which the insured shall be entitled to recover as damages *993 under the circumstances alleged by the petitioners herein when caused by the operator of an uninsured automobile. The petitioners are both “ insureds ” under the definitions contained in the policy and are entitled to the benefit of the six-year Statute of Limitations in which to compel arbitration under their contract of insurance. (Matter of De Luca [MVAIC], 17 N Y 2d 76 [1966].) The policy of insurance in force and effect at the time of the accident imposed no liability on the carrier under the circumstances. No liability was mandated by law as to the carrier before the provisions of the Insurance Law were drastically revised by the amendments effective July 1,1965 (L. 1965, ch. 322). The matters of conduct of the State Farm Mutual Insurance Company representatives are evidentiary only, as to the respondent MVAIC. The question of actionable tort liability of the carrier is not before this court on this application. Under the circumstances the insurance company is not a proper party to this proceeding and the proceeding as to it must be dismissed.
The problem raised by the position of MVAIC requires a further development of the facts. The petitioners on December 6, 1967 each caused to be served a “ demand for arbitration ” dated November 30, 1967, on MVAIC by certified mail, return receipt requested. The demands were mailed December 6, 1967, and received December 8, 1967. Such demands may be considered as the statutory notices of intention to arbitrate. (CPLR 7503, subd. [c]; Matter of Beverly Cocktail Lounge [Emerald Vending Mach.], 45 Misc 2d 376 [1965].) The respondent MVAIC served by certified mail, return receipt requested, a notice of application for stay of arbitration and petition directed to both petitioners herein, applying for a stay of arbitration under CPLR 7503 (subd. [b]) on the grounds that issues of fact remain to be determined as to timely filing of notice of claim, diligence in determining that the defendant was an uninsured motorist, and failure to prove that the claimants were involved in an accident with an uninsured motorist. Such issues are not matters for arbitration (CPLR 7503; Matter of MVAIC [Brown], 15 A D 2d 578 [1961], app. dsmd. 11 N Y 2d 968). The notice of motion to stay was served on the petitioners by service on their attorney on December 15,1967. It was made returnable at a Special Term of the Supreme Court, New York County, on January 8, 1968. The petitioners claim that such proceeding is a nullity, that •it confers no jurisdiction over the petitioners in New York County Supreme Court and that by reason of the failure of MVAIC to institute a proper appheation to stay arbitration within 10 days after service of notice of intention to arbitrate, *994 the right to litigate all disputes on these issues has been waived and precluded by CPLR 7503 (subd. [c]). This proceeding has been brought on upon a verified petition and affidavits, and noticed by an order to show cause signed by the Presiding Justice of the Supreme Court at Special Term, Erie County, December 21, 1967. It was made returnable at the Trial and Special Term of the Supreme Court, Allegany County, on January 2, 1968. It was personally served on MVAIC, by its assistant secretary, on December 26, 1967.
The respondent herein, MVAIC, contends in substance that CPLR 7503 (subd. [c]) is not clear as to whether either this application or the application to stay in New York County is a motion, a special proceeding or a statutory application. The respondent further contends that the indorsements of the petitioners’ attorney on the notices of intention, on the claims, on the postal envelopes and return receipts in all the proceedings prior to the application for a stay constitute notice of retainer and appearance and entitle the respondent to initiate the stay application by service on the petitioners’ attorney. If this be so, then it is obvious that this proceeding must fail, as the issues of timeliness and contract compliance must be heard on the prior application for a stay of arbitration. The New York County application, if valid as a motion in a pending proceeding, is prior in time of commencement. (CPLR 2211.)
Early authority under article 17-A of the Insurance Law would seem to support the position of the respondent. In Matter of Ward Leonard Elec. Co. (Local 419) (12 Misc 2d 304 [1958]) it was clearly held that arbitration was a special proceeding existing from the service of a notice of intention to arbitrate. Application for a stay was, then, held to be a motion in a special proceeding as to which service on the attorney was deemed sufficient. One unreported current decision referred to by respondent, Matter of Musto (MVAIC) (N. Y. L. J., Aug. 10,1967, p. 8, cob 4), appears to follow this rule. It is, however, determined on multiple grounds, including failure to give proper 10-day notice of intention under CPLR 7503 (subd. [c]) and on a consent stipulation to be heard on the merits, by reason of which .this court feels it is clearly distinguishable. The Ward Leonard Electric case was determined under subdivision 2 of section 1458 of the Civil Practice Act, which specifically authorized the application for a stay of arbitration on motion. Section 1459 of the Civil Practice Act further specified that arbitration under section 1458, “ shall be deemed a special proceeding ”, and, further, that the application “ shall be made and heard in *995 the manner provided by law for the making and hearing of motions ’ ’.
With the passage of the CPLR, the Legislature made clearly defined changes in the notice and application procedures in arbitration matters and enacted a new general article on special proceedings. The vagaries existing between actions, special proceedings, and other miscellaneous judicial proceedings have been substantially clarified by CPLR 103 which denotes all civil judicial proceedings not actions as special proceedings, and requires, except where otherwise prescribed by law, the same procedure for special proceedings as is prescribed for actions. The new article 4 on special proceedings further eliminates all question on the jurisdictional method of instituting a special proceeding and provides as to service, in CPLR 403 (subd. [c]): “ Manner of service. A notice of petition shall be served in the same manner as a summons in an action.” Personal service is, therefore, required under the facts of this application, except as extended by CPLR 7503 (subd. [c]) to permit service by registered or certified mail, return receipt requested.
While the specific question raised herein has not been ruled on directly in any reported case found by this court since the enactment of the CPLR, numerous decisions on closely collateral issues make it clear that service on the parties themselves is a jurisdictional requirement for an application to stay arbitration.
In Matter of 2166 Bronx Park East (Local 32E.) (45 Misc 2d 492 [1965]) it was held a proceeding to compel arbitration is a special proceeding and that the statutory requirements for designation of parties and service must be strictly complied with or the special proceeding will be dismissed for lack of jurisdiction. In Langemyr v. Campbell (23 A D 2d 371 [1965]) the 10-day limitation for a stay application was strictly construed to preclude an action to stay arbitration (reversing in part on other grounds the determinations of Special Term). In Gillespie & Co. v. Coleport Fabrics (48 Misc 2d 333 [1965]) it was held that participation in an arbitration by a foreign corporation was not such an appearance as would authorize service of process on its attorneys under CPLR 303. The court said (p. 335): “ In fact, as noted in the last-cited section CPLR 7502 was enacted to provide that arbitration proceedings do not partake of the character of judicial proceedings until the first application arising out of them is made in court.” The Court of Appeals in Matter of Chariot Textiles Corp. (Wannalancit Textile Co.) (18 N Y 2d 793, [1966], revg. 21 A D 2d 762) affirmed the reasoning of the Appellate Division, First Department, that *996 arbitration is not itself a special proceeding, holding that an application to consolidate several arbitrations constitutes a special proceeding as the first application under CPLR 7502 (subd. [a]). See, also, Matter of Finest Rest. Corp. (L & A Music Co.) (52 Misc 2d 87, 88 [1966]) wherein the court said, “ CPLR 2103 (subd. [b], par. 2) is not applicable. It applies to service of intermediary papers on an attorney, once an action or proceeding has been commenced. The service of notice of intention to arbitrate is not the commencement of an action or special proceeding. ’ ’
It is clear by reason of the foregoing that a special proceeding in arbitration begins with the first application properly brought before the court. (See CPLR 7502, subd. [a], first sentence.) All subsequent proceedings are treated for procedural purposes as motions. (See CPLR 7502, subd. [a], last sentence.) Since service on an attorney does not meet the requirements for instituting a special proceeding, the proceedings between the petitioners herein and MVAIC pending in New York County, although prior in time of service, are without jurisdiction and a nullity. This proceeding is, therefore, the only special proceeding pending, the respondent MVAIC has failed to apply for a stay of arbitration within the 10 days required by CPLR 7503 (subd. [c]), and, there being no other grounds for denying the petitioners relief, the application of the petitioners as to MVAIC is granted in all respects as demanded.
The application is dismissed as to the respondent State Farm Mutual Insurance Company.