Robebt E. Dempsey, J.
By decision of this court, dated April 8, 1968, the respondent’s application for a stay of arbitration *970 pending a trial of certain issues was granted. A proposed order was noticed for settlement on April 22, 1968 by the respondent. By order to show cause, dated April 15, 1968, the claimant’s attorney sought relief in the nature of a motion for reargument pursuant to CPLR 2221. The motion is granted and upon reargument, the original decision is adhered to and the order signed.
Claimant’s attorney relies upon Matter of Bauer (MVAIC) (55 Misc 2d 991 [Feb. 13, 1968]), which held that service of an application to stay arbitration cannot be served upon the attorney for a claimant, but must be served upon the party. The governing provisions of the CPLR fail to clearly define the manner of service required when a notice of intention to arbitrate has been served and a stay of such arbitration is then sought in the court. (See CPLR 403, subd. [c]; 7502, subd. [a] ; 7503, subd. [c].)
In the instant matter a notice of intention to arbitrate (demand for arbitration) was served upon the respondent. Claimant’s attorney was designated as his representative in the notice. A notice of petition and petition were thereafter timely sent by certified mail, return receipt requested, to the attorney. The court concludes that such service was within the intendment of CPLR 7503 (subd. [c]), which specifically controls such a proceeding and provides for an alternate method of service of papers in this type of special proceeding where an attorney has been designated by a claimant. Thus, the general requirement of service upon a party in a special proceeding, comparable to service of a summons in an action, is changed under such circumstances. Accordingly, the court disagrees with the conclusion reached in Bauer and follows that stated in Musto v. MVAIC (N. Y. L. J., Aug. 10, 1967, p. 8, col. 4).
Although unnecessary to reach the point under the foregoing decision, the court finds an additional basis for adhering to the original decision in that the claimant’s attorney interposed an answer to the petition, which would waive any jurisdictional defect as to service. (CPLR 320, subd. [b]; 404, subd. [a].)