▋ In the Matter of Arbitration between STATE-WIDE INSURANCE COMPANY, Appellant, and DOMINGO LOPEZ et al., Respondents.— Appeal by petitioner from a judgment of the Supreme Court, Queens County, dated October 23, 1967, which denied its application pursuant to CPLR 7503 to stay arbitration proceedings and granted respondents' cross motion to dismiss the petition. Judgment affirmed, with $10 costs and disbursements. Petitioner is the insurer of an automobile owned and operated by respondent Domingo Lopez at a time when it was involved in a collision allegedly caused by a "hit and run" driver. The remaining respondents were passengers in the Lopez vehicle at that time. All respondents asserted a claim against petitioner pursuant to the uninsured motorist indorsement of the insurance policy applicable to the Lopez vehicle. Respondents' attorney served a demand for arbitration and petitioner moved for a stay. Petitioner's moving papers were served by mail upon respondents' attorney, rather than upon respondents themselves. The court below dismissed the stay proceeding for lack of jurisdiction, holding that service upon the attorney was insufficient. We conclude that the dismissal was proper. While under former practice arbitration was itself a special proceeding (Civ. Prac. Act, § 1459), commenced when a notice to arbitrate was served, such is no longer the case (see 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.04). Now, a "special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a *pending* action" (CPLR 7502, subd. [a], [emphasis added]). "An action is commenced and jurisdiction acquired by service of a summons" (CPLR 304). In the case at bar, no "summons" was served; hence, no "action" was pending. Therefore, petitioner's motion, being the "first application" arising out of the "arbitrable controversy" involved, could be properly brought before the court *only* by the commencement of a special proceeding. "A special proceeding is commenced and jurisdiction acquired by service of a notice of petition or order to show cause" (CPLR 304). Generally, a "notice of petition shall be served in the same manner as a summons in an action" (CPLR 403, subd. [c]). However, where the object of the special proceeding is to stay arbitration, the notice of petition "shall be served in the same manner as a summons or by registered or certified mail, return receipt requested" (CPLR 7503, subd. [c], [emphasis added]). While subdivision (c) provides for an alternate method of service, it does not change the general rule that initiatory process must be served *upon the party* over whom jurisdiction is sought to be acquired and not upon his attorney. Under the circumstances, jurisdiction was not acquired by service upon respondents' attorney. We have considered all of petitioner's contentions and find them to be without merit. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.