(November 7, 1985)

■ In the Matter of COUNTRY WIDE INSURANCE COMPANY, Respondent, v BRIDGET POLEDNAK, Appellant.—Judgment (denominated an order), Supreme Court, New York County (Orest V. Maresca, J.), entered November 9, 1984, granting renewal and reargument of a prior order (same court), entered August 3, 1984, and, on reargument and renewal, granting the petition to the extent of vacating and setting aside the decision of the master arbitrator and remanding the matter to the American Arbitration Association for further proceedings, and denying the cross motion to dismiss the petition for lack of personal jurisdiction and to confirm the arbitration award, unanimously reversed, on the law, without costs, and the petition dismissed for lack of personal jurisdiction.

Petitioner brought this proceeding pursuant to CPLR 7511 (b) (1) (iii), to vacate an arbitration award which had afforded no-fault benefits to respondent. The petition alleges that, at the time the master arbitrator considered the matter, Country Wide's submission, which accompanied its demand for review, had not been transmitted to the arbitrator and, therefore, the master arbitrator erred in finding that the request did not state the nature of the dispute or the ground for review, as required by 11 NYCRR 65.17 (d) (2). Respondent cross-moved to dismiss the petition, alleging that service of the petition had been improperly made upon the attorneys who had represented her in the arbitration and was not by personal service, as required by CPLR 403 (c) and 7502 (a). The cross motion sought an order confirming the award pursuant to CPLR 7511 (e).

It clearly appears that the moving papers were served by certified mail upon the attorneys who had represented respondent in the no-fault arbitration proceeding. This was improper and insufficient to confer requisite personal jurisdiction. (See, Matter of State-Wide Ins. Co. [Lopez], 30 AD2d 694; Gillespie & Co. v Coleport Fabrics, 48 Misc 2d 333; Matter of Graffagnino [MVAIC], 48 Misc 2d 441; Matter of 2166 Bronx Park E. [Local 32E Bldg. Serv. Employees], 45 Misc 2d 492.)

CPLR 7502 (a) requires that a special proceeding be used "to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action." A special proceeding must be commenced in a manner sufficient to confer personal jurisdiction. CPLR 304 directs that "[a] special proceeding is commenced and jurisdic-

tion acquired by service of a notice of petition or order to show cause." The CPLR further directs that a notice of petition be served in the same manner as a summons in an action (CPLR 403 [c]). As applied here, service of the notice of petition and petition on the respondent's attorneys by certified mail was not in accordance with the authorized methods of service of process provided for in CPLR 308. Under the circumstances, no jurisdiction was acquired over the respondent by service upon her attorneys and, therefore, the petition should have been dismissed for lack of personal jurisdiction. While we do not reach the merits of the cross motion, were we to we would affirm. Concur—Murphy, P. J., Sullivan, Bloom, Kassal and Ellerin, JJ.