■ BRIDGET POLEDNAK, Respondent, v COUNTRY-WIDE INSURANCE COMPANY, Appellant.—In an action to enforce a no-fault arbitration award, Country-Wide Insurance Company appeals (1) from so much of an order of the Supreme Court, Orange County (Patsalos, J.), dated April 14, 1987, as denied its motion to dismiss as time barred that portion of the complaint which sought compensatory damages, (2) as limited by its brief, from so much of an order of the same court dated July 29, 1987 as granted the plaintiff's motion for summary judgment and denied its cross motion for reargument, and (3) from a judgment of the same court dated August 18, 1987, entered upon the order of July 29, 1987, which is in favor of the plaintiff and against it in the principal amount of $140,734.83.

Ordered that the action is converted to a proceeding pursuant to CPLR article 75; and it is further,

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and the proceeding is dismissed; and it is further,

Ordered that the Country-Wide Insurance Company is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders, with the exception of those relating to the provision which denied the appellant's cross motion for reargument, are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

Pursuant to CPLR 215, the proper procedure to enforce an arbitration award made as a result of an oral agreement to arbitrate, i.e., a common-law arbitration, is an action to enforce the award. At bar, however, the parties entered into a written agreement to arbitrate, i.e., a statutory arbitration, which is enforced not by an action, but by a proceeding to confirm the award and for entry of judgment thereon pursuant to CPLR article 75 (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7501:2, at 253-254; 23 Carmody-Wait 2d, NY Prac § 141:177, at 112-113). Consequently, the instant action is converted into a proceeding (see, CPLR 103 [b]).

This proceeding arises out of the attempt by Bridget Polednak (hereinafter Polednak) to enforce a no-fault arbitration award rendered in her favor on November 22, 1983, and confirmed by a master arbitrator on February 21, 1984. By service of a notice of petition dated March 26, 1984, Country-Wide Insurance Company (hereinafter Country-Wide) commenced a proceeding to vacate the master arbitrator's award, and Polednak moved, inter alia, to confirm the award. An order of the Supreme Court, New York County, dated August 3, 1984, denied Country-Wide's application and granted that part of Polednak's motion which was to confirm the award. Country-Wide, however, moved for reargument, and the Supreme Court, New York County, in an order and judgment (one paper) dated October 31, 1984, granted the motion and vacated its prior order and the award. Polednak appealed from the order and judgment to the Appellate Division, First Department, which, by an order dated November 7, 1985 [114 AD2d 754], reversed and dismissed Country-Wide's petition for lack of personal jurisdiction. A year later, Polednak commenced the instant proceeding to enforce the award. The

Supreme Court, Orange County, granted Polednak's motion for summary judgment and denied Country-Wide's cross motion for summary judgment. We reverse.

According to the Supreme Court, this proceeding was timely commenced within one year because "the determination in question became final on or about November 7, 1985, when the Appellate Division, First Department, reversed a Special Term order that had, upon reargument, granted the petition to vacate the arbitrator's award and denied the cross-motion to confirm that award (see, Matter of Country Wide Ins. Co. v Polednak, 114 AD2d 754)". This was error. The determination in question, namely the arbitrator's award, became final when the arbitrators themselves disposed of all considerations and objections, if any (see, Matter of Belli [Bender & Co.], 24 AD2d 72). At bar, the arbitrator's final determination was made on February 21, 1984, when the master arbitrator refused Country-Wide's request for review of the award. The limitations period commenced on February 27, 1984, the date of delivery of the arbitrator's final determination (see, CPLR 7510). Consequently, unless the one-year period of limitation was tolled for approximately a 20½-month period, this proceeding to enforce the award, which was commenced November 7, 1986, was time barred.

Although the Statute of Limitations in the instant proceeding was tolled from October 31, 1984 until November 7, 1985, the time from the vacatur of the award by the Supreme Court, New York County, until the reversal of the vacatur by the Appellate Division, First Department (see, Roldan v Allstate Ins. Co., 149 AD2d 20), the toll was only for 53 weeks. Consequently, this proceeding was brought after the limitations period expired.

Finally, we note that Country-Wide is not equitably estopped from raising the Statute of Limitations defense where Polednak was not induced to refrain from commencing a timely action (see, Simcuski v Saeli, 44 NY2d 442). Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur.