■ PHILIP J. SCADUTO, Respondent, v DT INDUSTRIES, INC., Appellant. [699 NYS2d 36] —Order and judgment (one paper), Supreme Court, New York County (Louise Gruner Gans, J.), entered January 14, 1999, which, in a plenary action, confirmed an arbitration award and entered judgment thereon, is hereby

deemed to arise in a special proceeding pursuant to CPLR article 75, and as such, unanimously affirmed, with costs.

The proper procedure to enforce an arbitration award arising out of a written agreement to arbitrate is a special proceeding pursuant to CPLR article 75 (*Polednak v Country-Wide Ins. Co.*, 153 AD2d 930, *lv denied* 75 NY2d 705). Consequently, the instant action is converted to a proceeding (*see*, CPLR 103 [b]).

Respondent was hired as a salesman of ladies' clothing for appellant under an agreement which provided for six months of base pay in the event respondent was terminated "for cause" in the first year. Within such year appellant terminated respondent, citing, *inter alia*, alleged misrepresentations during the interview process as to his experience and contacts in the business. Appellant's contention that respondent fraudulently induced it to hire him was asserted before the arbitrator, who awarded respondent the six months of base pay as contemplated by the agreement.

Appellant contends that the award violates the public policy of this State by rewarding respondent for his own fraud in obtaining employment. However, there is nothing on the face of this award to indicate that it violated any public policy (*see*, *Matter of Hirsch Constr. Corp. [Anderson]*, 180 AD2d 604). Concur—Sullivan, J. P., Mazzarelli, Wallach and Friedman, JJ.