*State Liq. Auth.*, 205 AD2d 359; *Matter of Dickerson v Popoli-zio*, 168 AD2d 336).

■ In the Matter of BONNIE PERS et al., Appellants, v HANOVER INSURANCE COMPANY, Respondent. [639 NYS2d 7] ▮

It is conceded that the respondent insurer failed to seek a stay of arbitration within 20 days after service of a notice of intention to arbitrate an underinsurance claim for personal injuries and loss of services arising out of a motor vehicle accident. In conformity with CPLR 7503 (c), the notice contained a provision that failure to move for a stay of arbitration within 20 days would preclude the respondent insurer from challenging the validity of the agreement to arbitrate. The argument that the tortfeasor is not underinsured because the policy limit of petitioner's policy is no less than that applicable to the offending vehicle (*see*, *Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d 681) is not properly before us. Respondent, by virtue of its failure to move to stay arbitration within the 20 days prescribed by CPLR 7503 (c), is precluded from seeking a judicial stay. (*Matter of Spychalski [Continental Ins. Cos.]*, 45 NY2d 847.) We note that in view of the arbitration clause in the underinsured motorists endorsement of the policy providing for arbitration where there is a disagreement as to whether a covered person "is legally entitled to recover damages under this endorsement", the question whether the tortfeasor is underinsured is for the arbitrators to determine. Concur—Sullivan, J. P., Wallach, Ross and Williams, JJ.