■ ROBERT MOORE, Respondent, v COPIERS, INC., et al., Appellants. [655 NYS2d 991] —In an action, *inter alia,* to recover damages for injury to the plaintiff's professional reputation, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Burke, J.), dated February 27, 1996, which denied their motion to vacate a judgment dated December 27,

1994, and entered against them upon their default in appearing at trial, and (2) an order of the same court, dated June 10, 1996, which denied their motion, in effect, for reargument.

Ordered that the appeal from the order dated June 10, 1996, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 27, 1996, is modified, on the law, by deleting the provision thereof which denied the defendants' motion to vacate the judgment entered upon their default in appearing for trial and substituting therefor a provision granting the motion only to the extent of directing a new assessment of damages and the entry of an amended judgment accordingly; as so modified, the order dated February 27, 1996, is affirmed; and it is further,

Ordered that pending the assessment of damages and the entry of an amended judgment, the judgment dated December 27, 1994, shall continue to stand as security, with execution thereof stayed; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is well established that in order to vacate a default judgment the movant must demonstrate both excusable default and a meritorious defense (see, CPLR 5015 [a] [1]; *Gray v B.R. Trucking Co.,* 59 NY2d 649; *Lease Factor v Kemcy Model Agency,* 201 AD2d 624; *Dowling Textile Mfg. Co. v Land,* 179 AD2d 621). Inasmuch as the defendants failed to demonstrate a meritorious defense, the Supreme Court did not improvidently exercise its discretion in denying their motion to vacate their default.

However, under the circumstances of this case, we find that the court should have given notice to the defendants prior to holding the inquest on damages, even though the defendants failed to appear on the scheduled trial date (see, CPLR 3215 [f]; *see generally, Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878; *Rokina Opt. Co. v Camera King,* 63 NY2d 728). O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.