OPINION OF THE COURT
Ronald D. Hollie, J.
Before this court is an order to show cause submitted by respondent Allstate Insurance Company seeking an order, pursuant to CPLR 5015 (a), vacating a prior order, entered on default and signed on September 14, 1998, and directing all parties to proceed with a SUM (supplementary uninsured motorist) arbitration. Among the exhibits attached to the order to show cause is a copy of an insurance card and declaration pages that show that petitioner had purchased supplementary uninsured motorist benefits and was therefore covered by a SUM endorsed policy on the date of her automobile accident (Country Wide Ins. Co. v Dumawal, 200 AD2d 353 [1st Dept 1994]). Also being considered is the affirmation in opposition and the attachments thereto and the reply affirmation together with its attachments.
The history of this case is as follows:
On June 25, 1997, petitioner was involved in an automobile accident with an uninsured motorist. At the time of the ac *971 cident, petitioner was insured by respondent Allstate Insurance Company. As a result of the accident, petitioner allegedly sustained bodily injuries for which she is seeking to recover damages and for which the uninsured motorist is allegedly liable.
On September 7, 1997, petitioner served a “Demand for Arbitration” (Demand) upon Allstate Insurance Company, at its corporate offices in Farmingdale, New York. In relevant part, the Demand identifies the petitioner, by policy number and home address, as an Allstate insured. The Demand also recites that portion of her insurance policy that provides for arbitration of disputes arising thereunder, and which involve uninsured motorists, in accordance with the rules of the American Arbitration Association. The Demand further describes her claim as one arising from an accident on June 25, 1997 with an uninsured motorist and specifically asked for a “NON-SUM (non-supplemental uninsured motorist), single arbitrator, UM (uninsured motorist) forum” in which to conduct the arbitration. There is no issue as to the legal sufficiency of the Demand relative to its content or the manner in which it was served.
In February 1998 law firm “A” had sent at least two letters to the attorneys representing the petitioner, notifying these attorneys that law firm A are the attorneys retained by Allstate to represent Allstate, relative to petitioner’s claims, and requested that all correspondence and notice of further proceedings be directed to them.
On or about April 22, 1998, the petitioner made an application to this court, pursuant to CPLR 7503 (a) and (c), to stay a SUM arbitration that had been scheduled and compel the American Arbitration Association (hereinafter AAA) to conduct the type of arbitration demanded by the petitioner on September 7, 1997, to wit: a NON-SUM, single arbitrator, UM forum. This application was made via a noticed petition and affirmation in support sent, by regular mail, to the Allstate claim office that had initially been handling the claim. The affidavit of service which was attached to the noticed petition contained little information beyond (a) name of company to which addressed; (b) address to which the petition was mailed; and (c) the date of mailing. On the return date of the motion, Allstate had not appeared but the motion was denied without prejudice to renewal upon proper papers.
On or about June 18, 1998, petitioner renewed her motion to stay the SUM arbitration that had been scheduled and compel *972 AAA to conduct a NON-SUM, single arbitrator, UM forum arbitration of her claim. The motion was again sent to Allstate Insurance Company, at the claim office that had initially been handling the claim. The affidavit of service attached to this noticed petition again indicated service, by regular mail, sent to the attention of Allstate Insurance Company, at a certain address, on a date certain. On the return date of the motion, there again was no appearance by Allstate and petitioner’s motion was granted on default. Petitioner subsequently submitted a settled order and said order granted petitioner’s motion in its entirety. The order was signed on September 14, 1998.
The court now considers respondent’s application to vacate its default. It should be remembered that there are two separate proceedings incorporated in the underlying CPLR 7503 application. That first proceeding involves the resolution of petitioner’s motion to stay arbitration pursuant to CPLR 7503 (c). That motion was granted on default. The second proceeding involves the resolution of petitioner’s motion to compel arbitration, upon the terms stated in petitioner’s Demand, pursuant to CPLR 7503 (a). That motion was also granted on default. Respondent’s motion to vacate its default, pursuant to CPLR 5015 (a), must present an excusable default and a meritorious defense as to each underlying proceeding (the CPLR 7503 [c] and the 7503 [a] proceedings) and the orders resulting therefrom if it is to be successful in its motion to vacate its default. (See, Gray v B. R. Trucking Co., 59 NY2d 649 [1983]; Moore v Copiers, Inc., 237 AD2d 585 [2d Dept 1997].)
The CPLR 7503 (c) Proceeding
The court hereby finds that respondent’s nonappearance on the return date of petitioner’s April 22, 1998 and June 18, 1998 motions was the result of petitioner causing process to be served in a manner not calculated to give respondent legally sufficient or actual notice of these proceedings.
In order to provide legally sufficient notice of a CPLR 7503 (c) proceeding, the application to stay arbitration must be served in the same manner as a summons or by registered or certified mail, return receipt requested (CPLR 7503 [c]). In the case at bar, petitioner admits that service of the notice of petition was by regular mail. It is well settled that service of a notice of petition to stay arbitration, by ordinary mail, is jurisdictionally defective (Matter of Yak Taxi v Teke, 41 NY2d 1020 [1977]; Matter of Hanover Ins. Co. v McIntyre, 142 AD2d *973 728 [2d Dept 1988]). Additionally, there is no evidence that respondent had actual notice of these proceedings. In fact, respondent’s attorney had advised petitioner’s attorneys, before the CPLR 7503 (c) application, that notice of all future proceedings should be sent to them. They were never sent notice nor otherwise advised of these proceedings.
The court further finds that, by statute, the only party who may move for a CPLR 7503 (c) stay of arbitration is the party upon whom a “Demand for Arbitration” has been served. (See, CPLR 7503 [c].) In the case at bar, the petitioner served a Demand upon respondent. In the case at bar, the only party which is authorized therefore to make a CPLR 7503 (c) application is the respondent. The petitioner, on the facts of this case, has no standing to make a CPLR 7503 (c) application and any stay that resulted from such an application is improper and should be removed.
Relative to petitioner’s CPLR 7503 (c) application, the court hereby determines that respondent met its burden of showing an excusable default and a meritorious defense.
The CPLR 7503 (a) Proceeding
The court again finds that respondent’s nonappearance on the return date of petitioner’s April 22, 1998 and June 18, 1998 motions was the result of petitioner causing process to be served in a manner not calculated to give respondent legally sufficient or actual notice of the underlying proceeding.
When a party seeks judicial intervention in connection with an arbitration, a special proceeding is the mechanism by which such intervention is sought (see, CPLR 7502 [a]). In the absence of special directions (specific procedures prescribed for that special proceeding, i.e., CPLR 7503 [c]), the general provisions of CPLR article 4 govern procedures to be followed in special proceedings (Siegel, NY Prac § 591, at 949 [2d ed 1991]). With respect to the usual initiatory papers in a special proceeding, service must be made in the same manner as a summons (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7502:1, at 425; CPLR 403 [c]; Matter of Country Wide Ins. Co. v Polednak, 114 AD2d 754 [1st Dept 1985]; Matter of 2166 Bronx Park E. [Local 32E Bldg. Serv. Empls.], 45 Misc 2d 492 [Sup Ct, Bronx County 1965]). In order to provide legally sufficient notice of a CPLR 7503 (a) proceeding, the application to compel arbitration must therefore be served in the same manner as a summons. In the case at bar, petitioner admits that service of the notice of peti *974 tion to compel arbitration was by regular mail. Regular mail delivery is not a method available to commence a special proceeding. (See, Matter of Harlem Riv. Consumers Coop. v State Tax Commn., 44 AD2d 738 [3d Dept 1974], affd 37 NY2d 877 [1975]; Ray v McDowell, 143 Misc 2d 347 [Civ Ct, Queens County 1989].)
The court again finds that there is no evidence that respondent had actual notice of these proceedings. As reflected in the review of the events leading to the initiation of the CPLR 7503 (c) proceedings, respondent’s attorneys were never sent notice or otherwise advised of these proceedings.
As a consequence of these findings, this court hereby determines that respondent’s excusable default to the CPLR 7503 (a) proceeding is well established.
We now turn to whether respondent has demonstrated a meritorious defense to petitioner’s CPLR 7503 (a) application and the order that granted an arbitration upon the terms set forth in petitioner’s Demand. A key to the resolution of this issue is a determination of whether petitioner is entitled to an arbitration upon the terms set forth in her Demand.
Whether petitioner purchases an automobile liability policy from the respondent that had the statutorily mandated UM coverage or, if the petitioner exercised her option, SUM coverage, the rights of the parties and the terms and conditions of that coverage are part of the endorsement and so part of the insurance policy (contract). The rights of the parties and the terms and conditions of coverage are therefore determined at the time the policy is purchased. Regardless of whether it’s an UM or SUM policy, the rules under which an arbitration is conducted and the rights of the parties thereto are part of the terms and conditions of coverage and are therefore incorporated into and made part of the insurance policy (see, Insurance Law § 3420 [f] [1], [2]; 11 NYCRR subpart 60-2 [Regulation 35-D]).
In an UM or SUM policy, the insured agrees that, if there is an arbitration of an UM or SUM claim, it would be conducted under the rules of the AAA (4 Dunham, New York Insurance Law § 51.10 [1] [a] [i], at 51-175; § 51.11 [1] [b], at 51-267) or rules promulgated pursuant to Regulation 35-D (id., § 51.11 [3], [4], at 51-279—51-295; Insurance Law § 3420 [f] [2]).
If a party makes an application to compel or stay an arbitration under CPLR 7503, there are three “threshold questions”, relating to arbitrability, that are recited in each subdivision of CPLR 7503. The three threshold questions are: (1) was a valid *975 agreement made to arbitrate; (2) was the agreement complied with; (3) is the claim barred by the Statute of Limitations. (Siegel, op. cit., § 589, at 943; Alexander, Practice Commentaries, op. cit., CPLR C7503:3.) In any application pursuant to CPLR 7503 to compel or stay an arbitration, the court must decide these questions before it can compel or stay the arbitration. (See, Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 6 [1980].)
CPLR 7503 (c) provides a mechanism by which a party seeking to initiate arbitration may shift to his opponent the burden of promptly seeking a judicial stay of arbitration on the basis of the threshold defenses of nonarbitrability and Statute of Limitations. (Alexander, Practice Commentaries, op. cit., CPLR C7503:5; Siegel, op. cit., § 592, at 950.) If the party upon whom the Demand was served does not make an application for a stay within 20 days of service of that Demand, the party served would be precluded from thereafter raising the threshold defenses in court (Matter of Pers v Hanover Ins. Co., 225 AD2d 313 [1st Dept 1996]; Matter of Metropolitan Prop. & Liab. Ins. Co. v Hancock, 183 AD2d 831 [2d Dept 1992]).
In the case at bar, petitioner served a Demand for Arbitration upon the respondent, pursuant to the statutory formalities of CPLR 7503 (c). The Demand included terms and conditions for arbitration that were not necessarily the same terms and conditions for arbitration petitioner had agreed to as part of her UM or SUM coverage. Respondent was provided with sufficient information in this formal Demand to assess any potential arbitrability or Statute of Limitations issue. (See, Dunham, op. cit., § 51.10 [2] [b], at 51-191.)
The petitioner’s Demand does present a threshold question that would have been the subject of a CPLR 7503 (c) application by the respondent, to wit: Did petitioner comply with the terms of her insurance policy and the arbitration agreement contained therein, relative to petitioner’s Demand for a NON-SUM, single arbitrator, UM forum?
It is conceded by both parties that respondent did not make an application for a CPLR 7503 (c) stay of arbitration within 20 days of the service of petitioner’s CPLR 7503 (c) Demand.
If respondent had made a timely CPLR 7503 (c) application for a stay of arbitration and if the court determined that the terms of the policy had not been “complied with”, arbitration would have been ordered to go forward upon terms and conditions contracted. (Matter of Allstate Ins. Co. v Geller, 218 AD2d 797 [2d Dept 1995].)
*976 Since there was not a timely CPLR 7503 (c) application for a stay of arbitration, an arbitration would go forward upon the terms “demanded” because respondent is precluded from objecting (Matter of Aetna Cas. & Sur. Co. v Jones, 188 AD2d 597 [2d Dept 1992]; Matter of Steck [State Farm Ins. Co.], 89 NY2d 1082, 1084 [1996]; Aetna Life & Cas. Co. v Stekardis, 34 NY2d 182, 184 [1974]).
The eifect of that preclusion, as we assess respondent’s meritorious defense, is conclusive. Petitioner is entitled to arbitration under the terms she demanded and not pursuant to the terms agreed to in the insurance policy because respondent would be precluded from challenging the type and terms of the arbitration demanded by petitioner and ordered by this court on September 14, 1998.
With respect to petitioner’s application pursuant to CPLR 7503 (a), while respondent has established an excusable default, respondent has failed to establish a meritorious defense. (See, e.g., Klishwick v Popovicki, 186 AD2d 173 [2d Dept 1992]; Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl., 110 AD2d 742 [2d Dept 1985].) Respondent’s motion to vacate its default, pursuant to CPLR 5015 (a), is therefore denied in its entirety.