■ CANTOR FITZGERALD PARTNERS et al., Appellants, v MUNICIPAL PARTNERS, LLC, Respondent. [782 NYS2d 434]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered April 11, 2003, which denied petitioners' motion to stay arbitration and granted respondent's cross motion to compel arbitration, unanimously affirmed, with costs.

Petitioners contend that the dispute over fees and offsets for reimbursable overhead expenses, pursuant to the terms of the contract governing the business relationship of the parties, occurred during a period when respondent was not a member of the National Association of Securities Dealers (NASD), thus precluding arbitration. To the extent respondent challenged invoices for services, the contract set forth a procedure and time frame for such objections, without which respondent's assent must be assumed, according to petitioners. But no objections survived the termination of the contract upon respondent's licensure and membership in the NASD. Respondent's right to fees, by the terms of the contract, did not accrue until such time as it was licensed as a broker-dealer and became an NASD member. Insofar as issues were intertwined regarding respondent's right to collect fees, as offset against reimbursement due petitioners for services, and the adequacy of the invoices for such services, it cannot be said that the dispute preceded the termination of the agreement. The record evinces that at least some of the invoices and the objection period in connection therewith postdated respondent's licensure and the termination of the contract, further undermining petitioners' position that the dispute, in toto, is referable only to the contract period. Petitioners' argument fails to account for their purported failure to comply with respondent's contractual right to documentation in support of the invoices, which at least in part extended into the time frame when respondent was an NASD member, thus invoking the NASD rules requiring arbitration of disputes between parties. Petitioners' reliance on *Harriman Group v Napolitano* (213 AD2d 159 [1995]), which involved a dispute under a contract existing at a time before any of the parties became NASD members, is misplaced.

Whether the arbitrators will exceed their authority with

regard to eSpeed, which was not made a party to this arbitration and thus has no standing to seek a stay, is purely speculative at this point. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Williams and Catterson, JJ.