■ INVESTEC TRUSTEES (JERSEY) LIMITED, Appellant, v OPPENHEIMER & Co., INC., Respondent. [926 NYS2d 42]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered January 26, 2011, denying the petition and application for a partial stay of arbitration and dismissing the proceeding brought pursuant to CPLR article 75, unanimously affirmed, with costs.

Petitioner seeks to stay arbitration of a counterclaim respondent asserted against petitioner, in its capacity as trustee, in pending arbitration commenced by the trustee. Petitioner is not a party to the arbitration submission agreement and thus has no standing to seek a stay (*see Cantor Fitzgerald Partners v Municipal Partners, LLC*, 11 AD3d 247, 247-248 [2004]).

We reject petitioner's argument that it is entitled to a stay because it will be required to satisfy any judgment respondent obtains on its counterclaim. Whether petitioner will be required to satisfy any judgment is irrelevant to the issue at bar—namely, whether the submission agreement required petitioner, as trustee, to arbitrate the counterclaim (*see Brown v Caldarella*, 2008 WL 857983, *3-4, 2008 US Dist LEXIS 25918, *9-10 [SD NY 2008]). Moreover, if, as petitioner repeatedly asserts, petitioner, the corporation, is a separate legal entity from petitioner, as trustee, then any judgment obtained against petitioner, as trustee, will be exactly that—a judgment against the trustee. That petitioner may be required to satisfy any judgment obtained against the trustee does not convert respondent's counterclaim into a third-party claim or a claim asserted against petitioner.

Contrary to petitioner's contention, New York law does not prohibit counterclaims against trustees (*see Birjah v Citibank*, 224 AD2d 228 [1996]). Rather, it prohibits counterclaims "asserted against a plaintiff in a capacity different from that in which [plaintiff] appears in the action" (*Corcoran v National Union Fire Ins. Co. of Pittsburgh*, 143 AD2d 309, 311 [1988]; *see* CPLR 3019). Such is not the case here.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Sweeny, Renwick and Román, JJ.