Matter of Loreti v Lorcress Enters., Inc. (2025 NY Slip Op 04790)

Matter of Loreti v Lorcress Enters., Inc.

2025 NY Slip Op 04790

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-03400
 (Index No. 66437/20)

[*1]In the Matter of John M. Loreti, etc., petitioner- respondent, 
v
Lorcress Enterprises, Inc., et al., respondents, Maria Loreti, etc., appellant.

Baker, Leshko, Saline & Drapeau, LLP, White Plains, NY (Katie Wendle of counsel), for appellant.
Gallet Dreyer & Berkey, LLP, New York, NY (Adam J. Berkey of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay two arbitrations, Maria Loreti appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated March 31, 2021. The order granted the petition and stayed the arbitrations pending the disposition of three related proceedings.
ORDERED that the appeal from so much of the order as granted that branch of the petition which was to permanently stay the arbitration demanded by Maria Loreti against the petitioner and Gina Forgione and stayed that arbitration pending the disposition of three related proceedings is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and that branch of the petition which was to permanently stay the arbitration demanded by Costa Realty, LLC, against Lorcress Enterprises, Inc., is denied.
The background facts and procedural history relevant to this proceeding are more fully set forth in our decision and order on a related appeal (see Matter of Loreti v Lorcress Enters., Inc., ___ AD3d ___ [Appellate Division Docket No. 2020-07279; decided herewith]).
In 2019, the petitioner commenced three related proceedings (hereinafter the dissolution proceedings) against, among others, Maria Loreti, inter alia, for the judicial dissolution of Lorcress Enterprises, Inc. (hereinafter Lorcress), and two other corporations (hereinafter collectively the corporations).
In November 2020, Costa Realty, LLC (hereinafter Costa), filed a demand for arbitration against Lorcress, seeking, inter alia, a judgment declaring that an agreement dated July 2, 2018, whereby Costa and the corporations agreed that Costa would manage the apartment buildings owned by the corporations (hereinafter the Costa agreement), was never validly terminated and remains in effect (hereinafter the Costa arbitration). It is undisputed that Costa is an entity owned and controlled by Maria Loreti.
In December 2020, Maria Loreti filed a demand for arbitration against the petitioner and Gina Forgione, seeking, among other things, a judgment declaring that an agreement dated December 9, 2002, whereby Maria Loreti, Forgione, and the petitioner's decedent, John Loreti, as shareholders of the corporations, agreed that the corporations would pay the expenses related to a residence on Kenilworth Road in Harrison (hereinafter the Kenilworth agreement), is valid (hereinafter the Kenilworth arbitration).
On December 21, 2020, the petitioner, as administrator of the estate of John Loreti, commenced this proceeding pursuant to CPLR article 75 to permanently stay the arbitrations. In an order dated March 31, 2021, the Supreme Court granted the petition and stayed the arbitrations pending the disposition of the dissolution proceedings. The court determined, inter alia, that Costa was the alter ego of Maria Loreti and that Maria Loreti's contentions regarding the validity of the Kenilworth agreement and the Costa agreement already were being litigated in the dissolution proceedings. Maria Loreti appeals.
The Supreme Court erred in granting that branch of the petition which was to permanently stay the Costa arbitration. As Maria Loreti correctly contends, the petitioner does not have standing to seek a stay of the Costa arbitration, as the petitioner was not served with a demand to arbitrate the Costa agreement and is therefore not a party to the Costa arbitration (see CPLR 7503[b], [c]; Investec Trustees [Jersey] Ltd. v Oppenheimer & Co., Inc., 85 AD3d 565, 565; Cantor Fitzgerald Partners v Municipal Partners, LLC, 11 AD3d 247, 247-248; Rodriguez v Allstate Ins. Co., 180 Misc 2d 969, 973 [Civ Ct, Queens County]; Carling v Peters, 760 F Supp 2d 400, 407 [SD NY]).
The appeal from so much of the order as granted that branch of the petition which was to permanently stay the Kenilworth arbitration must be dismissed. "It is the obligation of the appellant to assemble a proper record on appeal" (Bing v Myrtle 6, LLC, 227 AD3d 769, 770 [internal quotation marks omitted]; see Babayev v Kreitzman, 168 AD3d 655, 655). "Generally speaking, '[a]n appellant's record on appeal must contain all of the relevant papers before the Supreme Court'" (Babayev v Kreitzman, 168 AD3d at 655, quoting Gaffney v Gaffney, 29 AD3d 857, 857; see Bing v Myrtle 6, LLC, 227 AD3d at 770). "Appeals that are not based upon complete and proper records must be dismissed" (Bing v Myrtle 6, LLC, 227 AD3d at 770 [internal quotation marks omitted]; see Babayev v Kreitzman, 168 AD3d at 656; Roberts v Roberts, 159 AD3d 932, 933). Here, the record is inadequate for meaningful appellate review of so much of the order as granted that branch of the petition which was to permanently stay the Kenilworth arbitration. Maria Loreti failed to include in the record certain documents, referenced in the parties' briefs and relied upon by the Supreme Court in its determination, that allegedly demonstrate whether Maria Loreti engaged in litigation on the issue of the validity of the Kenilworth agreement and thereby waived her right to enforce its arbitration clause. Since these omissions have rendered meaningful appellate review of this portion of the order virtually impossible, the appeal from this portion of the order must be dismissed (see Bing v Myrtle 6, LLC, 227 AD3d at 770).
The parties' remaining contentions either are not properly before this Court or have been rendered academic in light of our determination.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court