■ STEVENS G. NICHOLSON, JR., Appellant, v NASON AND COHEN, P. C., Respondent. [597 NYS2d 23] —Order, Supreme Court, New York County (Lewis R. Friedman, J., upon the decision of Harold Baer, Jr., J.), entered on or about October 16, 1992, which, in an action seeking to enforce a fee-splitting

agreement between lawyers, granted defendant's motion for summary judgment, unanimously affirmed, without costs.

We agree with the IAS Court that plaintiff's association with defendant did not amount to an "Of Counsel" relationship, and thus find it unnecessary to decide whether the prohibition against fee-splitting found in Code of Professional Responsibility DR 2-107 (22 NYCRR 1200.12) applies to such a relationship. Under DR 2-107 (A) (2) (22 NYCRR 1200.12 [a] [2]), unassociated lawyers may share in a fee if, among other things, "[t]he division is in proportion to the services performed by each lawyer or, by a writing given to the client, each lawyer assumes joint responsibility for the representation." Neither option avails plaintiff, who admittedly gave no such writing to any of the clients, and whose work, the record establishes, was merely that of a finder, searching for potential clients and conducting non-investigative interviews. While a fee-splitting agreement will be enforced where the attorney seeking a share "performed some work, labor or services which contributed toward the earning of the fee" there being no requirement that compensation be in proportion to the amount of work actually performed *(Oberman v Reilly,* 66 AD2d 686, 687, *lv dismissed* 48 NY2d 602), more is required of the forwarding attorney than the mere recommendation of a lawyer *(see, Carter v Katz, Shandell, Katz & Erasmous,* 120 Misc 2d 1009, 1018). Given the important policy goals underlying DR 2-107 and the well-established right of States to regulate the legal profession *(Goldfarb v Virginia State Bar,* 421 US 773), we think this is a reasonable restriction on the right to contract. We have considered plaintiff's other contentions and find them to be without merit. Concur—Carro, J. P., Wallach, Asch and Rubin, JJ.