■ In the Matter of BETTY LYNN HEHL, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant. [612 NYS2d 954] —In a proceeding pursuant to CPLR 7511 (b), the appeal is from an order of the Supreme Court, Nassau County (Roncallo, J.), dated August 18, 1993, which vacated the award of the master arbitrator dated October 30, 1992, affirming the award of the arbitrator dated May 23, 1992, denying, without prejudice, the petitioner's application for no-fault benefits under an insurance contract, and directed a rehearing of all issues before a new arbitrator.

Ordered that the order is reversed, on the law, with costs, and the proceeding is dismissed.

In view of our determination in a related appeal that Betty Lynn Hehl was not covered by the insurance policy issued by Government Employees Insurance Company and that the insurer was, therefore, entitled to a stay of arbitration *(see, Matter of Government Empls. Ins. Co. v Hehl,* 203 AD2d 570 [decided herewith]), the proceeding must be dismissed. In any event, we note that the court lacked personal jurisdiction over the appellant since the petition was served only by first-class mail *(see, Matter of Country Wide Ins. Co. v Polednak,* 114 AD2d 754). Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.

■ In the Matter of AILEEN JOSEPH, Respondent, v GEORGE JOSEPH, Appellant. [612 NYS2d 947] —In a proceeding pursuant to Family Court Act article 8, the appeal is from an order of the Family Court, Queens County (Cozier, J.), dated June 8, 1992, denying the appellant's motion to vacate an order of protection entered upon his default in appearing.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

Since the order of protection by its terms expired on February 20, 1993, the instant appeal is academic *(see, Matter of Brown v Brown,* 185 AD2d 812; *Matter of McClure v McClure,* 176 AD2d 325; *Matter of Andrews v Andrews,* 168 AD2d 444). Miller, J. P., Lawrence, Altman and Krausman, JJ., concur.