■ THOMAS E. KRUG, Respondent, v OFFERMAN, FALLON, MAHONEY & CASSANO, a Partnership, et al., Appellants. [624 NYS2d 683] —Per Curiam. Appeal (transferred to this Court by order of the Appellate Division, Fourth Department) from an order of the Supreme Court (Dadd, J.), entered July 9, 1993 in Erie County, which denied defendants' motions to dismiss the complaint for, *inter alia,* lack of subject matter jurisdiction.

Defendant Offerman, Fallon, Mahoney & Cassano (hereinafter the firm) was retained by Charles Hahn to represent him in his claim for damages due to injuries he sustained as the result of an accident while a passenger in an automobile operated by a co-worker and owned by his employer. The accident occurred at about 2:00 A.M. on July 26, 1985. The automobile liability carrier for Hahn's employer claimed that the accident occurred within the scope of Hahn's employment and, consequently, the Workers' Compensation Law was a bar to maintenance of the personal injury action. Hahn's employer filed a claim on Hahn's behalf with the Workers' Compensation Board alleging that Hahn was injured in the course of his employment.

Plaintiff in the instant action asserts that defendant Leo J. Fallon, a partner in the firm, retained him to appear "of counsel" on behalf of the firm at the workers' compensation hearings. Plaintiff averred that he was retained: "to oppose the employer and [Travelers Insurance Company] at the compensation proceedings; and to secure a dismissal, a disallowance of worker's *[sic]* compensation benefits for CHARLES HAHN, and exclude the injuries from coverage under the Worker's *[sic]* Compensation Law." The motive of the firm was allegedly to preserve and protect Hahn's personal injury action from a compensation claim, thereby enhancing Hahn's recovery as well as the firm's contingent fee. Plaintiff claims that the firm agreed to compensate him for his services by sharing with him a fair and reasonable percentage of their one-third contingent fee in the personal injury action.

The record reveals that plaintiff represented Hahn at several workers' compensation hearings and argued that compen-

sation benefits should not be paid to Hahn. Plaintiff was successful and the personal injury action was subsequently settled for $1.8 million, resulting in a contingent fee of $600,000 to the firm. The firm rejected plaintiff's letter request dated October 11, 1990 to be paid a "fair and reasonable percentage of the fee".

This breach of contract action to recover for the work, labor and services performed at the request of and on behalf of defendants ensued. Prior to answering, Fallon moved to dismiss the complaint pursuant to CPLR 3211, claiming that Supreme Court lacked jurisdiction over the subject matter and the complaint failed to state a cause of action. The other defendants answered and cross-moved for the same relief. Supreme Court denied the motions finding, *inter alia*, that there was no award to protect under Workers' Compensation Law § 24 and, therefore, this provision does not bar the action. The court further found that defendants should not be allowed to raise a question as to their noncompliance with Code of Professional Responsibility DR 2-107 (A) (2) (22 NYCRR 1200.12 [a] [2]) (hereinafter the Code), pertaining to fee-splitting agreements, in order to shield themselves from liability on the alleged fee contract.

Defendants' argument that Supreme Court is without jurisdiction to determine plaintiff's fee in the workers' compensation proceeding because Workers' Compensation Law § 24 regulates all fee claims by attorneys appearing before the Board is rejected. The language of Workers' Compensation Law § 24 clearly provides that no claim for legal services related to any claim arising under the Workers' Compensation Law shall be enforceable unless approved by the Board. Plaintiff's claim, however, is not for legal services rendered in a claim arising under the Workers' Compensation Law. Rather, it is for the legal services rendered in Hahn's personal injury action which incidentally required limited appearances and services in the workers' compensation matter to preserve the viability of the personal injury action.

Additionally, the purpose of Workers' Compensation Law § 24 is "for the protection of the injured employee or his [or her] dependents * * * [and promotion of] the over-all objective of ensuring adequate economic relief to the employee or his [or her] family" *(Crosby v State of New York, Workers' Compensation Bd.,* 57 NY2d 305, 313-314). Thus, plaintiff's cause of action, grounded on legal work and services rendered in connection with Hahn's personal injury action, cannot be said

to be harmful to or inconsistent with the purposes for which Workers' Compensation Law § 24 was enacted.

Defendants' contention that the alleged fee-sharing agreement is invalid because it violated the Code lacks merit. An agreement to split fees need not be in writing under the Code (see, Code of Professional Responsibility DR 2-107 [A] [1], [2] [22 NYCRR 1200.12 (a) (1), (2)]). A writing is only required where there is an assumption of joint responsibility for the representation. Plaintiff's complaint does not allege this circumstance. Plaintiff alleges that he agreed to perform services for the firm and Hahn for which he was promised a fair and reasonable percentage of the firm's fee. There is evidence that Hahn's wife was notified of plaintiff's appearance in the workers' compensation proceeding from which it can be inferred that Hahn knew that plaintiff was working for him (see, Carter v Katz, Shandell, Katz & Erasmous, 120 Misc 2d 1009, 1017-1018). Moreover, a fee-splitting agreement will be enforced where the attorney seeking a share performed some work or services contributing to earning the fee (see, Nicholson v Nason & Cohen, 192 AD2d 473, 474). It is clear that plaintiff rendered such services. Defendants will not now be heard to complain that plaintiff is not entitled to a fair and reasonable share of the fee (see, Carter v Katz, Shandell, Katz & Erasmous, supra).

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.