■ THOMAS E. KRUG, Respondent, v OFFERMAN, FALLON, MAHONEY & CASSANO, a Partnership, et al., Appellants. [664 NYS2d 882] —Per Curiam. Appeal (transferred to this Court by order of the Appellate Division, Fourth Department) from an order of the Supreme Court (Dadd, J.), entered April 1, 1996 in Erie County, which, *inter alia*, denied defendants' motion to dismiss the complaint for perpetrating a fraud upon the court.

This is an action to recover a percentage of legal fees received by defendants in a personal injury action wherein plaintiff rendered legal services to defendants and their client in connection with that part of the case which required plaintiff's Workers' Compensation Law expertise. On a previous appeal (214 AD2d 889), we affirmed Supreme Court's denial of defendants' motion to dismiss the complaint on the grounds that the court lacked subject matter jurisdiction and that the complaint failed to state a cause of action.

Subsequent to our decision, in the course of plaintiff's examination before trial, it was discovered that an affidavit purporting to bear the signature of plaintiff and notarized by his former attorney, Albert Ranni, on April 19, 1993 did not in fact contain plaintiff's signature. This affidavit had been submitted by plaintiff, through Ranni, in opposition to defendants' original motion to dismiss and was part of the earlier record on appeal. During his examination before trial, plaintiff testified that while the signature on the affidavit was not his, the docu-

ment itself was virtually identical to one he did sign, save for several typographical, grammatical and spelling errors. He also averred that its contents were true and accurate.

Defendants then moved to dismiss the complaint pursuant to Judiciary Law § 2-b on the ground that plaintiff had perpetrated a fraud upon the court. In the alternative, they sought to vacate the memorandum and order denying their original motions to dismiss and granting same on the ground that there was effectively no opposition thereto. Plaintiff opposed the motion and cross-moved pursuant to CPLR 2001 to correct the affidavit.

The affidavits submitted by plaintiff, his former and then-current counsel in connection with these motions recount the events and circumstances leading up to the inclusion of the improper affidavit in plaintiff's original submission. Apparently, plaintiff did in fact sign an original affidavit* which was identical in substance to the one in question except for typographical and other minor errors which he marked for correction by placing penciled slash marks in the margins. Although Ranni did not notarize the affidavit which plaintiff did sign, after making the necessary corrections to the affidavit he conformed the signature and notarized the copies which were ultimately submitted to Supreme Court and to opposing counsel.

Defendants contend that Supreme Court abused its discretion in refusing to dismiss the complaint based on the submission of the "fraudulent affidavit", by permitting plaintiff to correct the irregularities in the affidavit pursuant to CPLR 2001 and in failing to grant their original dismissal motion since there was no effective opposition thereto. We disagree.

Defendants have not alleged, much less demonstrated, any prejudice. Moreover, plaintiff clearly testified (in the same deposition in which the problem with the affidavit was discovered) that he did sign a substantively identical affidavit and that the contents of the submitted affidavit were true and accurate.

This issue can thus be resolved with resort to fundamental principles of the CPLR relating to mistakes or irregularities not affecting substantial rights. CPLR 2001 provides that: "At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as

---

* Supreme Court, in its memorandum states that the affidavit actually signed by plaintiff was on April 13, 1993; we are unable to determine the basis for the reference to April 13, 1993 since it appears from the record that plaintiff signed it on April 19, 1993. In any event, this discrepancy is of no moment here.

may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." CPLR 2101 (f) states as follows: "A defect in the form of a paper, if a substantial right of a party is not prejudiced, shall be disregarded by the court, and leave to correct shall be freely given." Correction of the affidavit implicates no substantial rights of defendants nor results in any prejudice thereto. Supreme Court properly denied defendants' motion to dismiss and properly granted plaintiff's own motion to amend.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.