◼ In the Matter of STAR BOXING, INC., Respondent, v DAIMLERCHRYSLER MOTORS CORP., Appellant. [792 NYS2d 564]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, DaimlerChrysler Motors Corp. appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered March 25, 2004, which denied its motion to dismiss the proceeding, granted the petition, and confirmed the arbitration award.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the petition is denied, and the proceeding is dismissed.

Pursuant to CPLR 7502 (a), "[a] special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy." A special proceeding is commenced by the filing of a petition (*see* CPLR 304). Thereafter, the petitioner must serve the respondent with a notice of petition, the petition, and supporting affidavits (*see* CPLR 403 [b]). Pursuant to CPLR 403 (c), a notice of petition shall be served in the same manner as a summons in an action.

In the case at bar, it was undisputed that the "first application arising out of the arbitrable controversy" was the instant special proceeding to confirm the arbitration award. It was also undisputed that the petitioner commenced the proceeding by simply mailing the petition, via ordinary mail, to the law firm that appeared for the appellant at the arbitration hearing. Moreover, the law firm denied that it was authorized to accept service on the appellant's behalf (*see* CPLR 311).

Accordingly, since the petitioner failed to properly serve the petition, the Supreme Court lacked personal jurisdiction over the appellant, and the motion to dismiss the proceeding should have been granted (*see Matter of Hehl v Government Empls.*

*Ins. Co.*, 203 AD2d 572 [1994]; *INA/Aetna v American Mut. Ins. Cos.*, 115 AD2d 640 [1985]; *Matter of Country Wide Ins. Co. v Polednak*, 114 AD2d 754 [1985]).

In light of our determination, we do not reach the appellant's remaining contention. Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.