In the Matter of MRC RECEIVABLES CORP., Respondent, v MICHAEL TAYLOR, Appellant. [871 NYS2d 293]—

Pursuant to CPLR 7502 (a), "[a] special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy." A special proceeding is commenced by the filing of a petition (see CPLR 304; *Matter of Travelers Indem. Co./Aetna Cas. & Sur. Co. v Roth*, 258 AD2d 341 [1999]), which must be served upon the opposing party "in the same manner as a summons in an action" (CPLR 403 [c]; *see Matter of Star Boxing, Inc. v DaimlerChrysler Motors Corp.*, 17 AD3d 372 [2005]; *Matter of Targee St. Internal Medicine Group P.C. Profit Sharing Trust v Nationwide Assoc.*, 300 AD2d 497, 498 [2002]).

In the case at bar, it was undisputed that the "first application arising out of the arbitrable controversy" (CPLR 7502 [a]) was the instant special proceeding to confirm the arbitration award. It was also undisputed that the petitioner commenced the proceeding by attempting to effect service of process upon the appellant at an incorrect address. Since the petitioner failed to properly serve the petition, the Supreme Court lacked personal jurisdiction over the appellant, and the cross motion to dismiss the proceeding for lack of personal jurisdiction should have been granted (see *Matter of Star Boxing, Inc. v Daimler-Chrysler Motors Corp.*, 17 AD3d at 372; *Matter of Hehl v Government Empls. Ins. Co.*, 203 AD2d 572 [1994]; *INA/Aetna v American Mut. Ins. Cos.*, 115 AD2d 640 [1985]; *Matter of Country Wide Ins. Co. v Polednak*, 114 AD2d 754 [1985]).

Contrary to the petitioner's argument, the actual notice of the proceeding received by the appellant from the United States Postal Office was insufficient to subject him to personal jurisdiction (see *Raschel v Rish*, 69 NY2d 694, 697 [1986]; *David v Total Identity Corp.*, 50 AD3d 1484, 1485-1486 [2008]; *County of Nassau v Letosky*, 34 AD3d 414, 415 [2006]; *Hillary v Grace*, 213 AD2d 450, 452 [1995]). Nor is the erroneous address contained in the affidavit of service a minor "mistake, omission, defect or irregularity" correctable under CPLR 2001 (*Krug v Offerman, Fallon, Mahoney & Cassano*, 245 AD2d 603, 604

[1997]), since it affects the appellant's substantial right to notice of the proceeding against him.

In light of our determination, we need not reach the appellant's remaining contention. Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.