■ In the Matter of RICHARD VENTO et al., Appellants, v ALLIANCE HOLDING COMPANIES, LTD., et al., Respondents, et al., Respondents. [33 NYS3d 13]—

Appeal from orders, Supreme Court, New York County (Carol Edmead, J.), entered November 17, 2014 and December 16, 2014, which, inter alia, vacated an order, entered November 14, 2014, same court and Justice, directing entry of judgment on the award, and an order, entered March 5, 2015, which granted petitioner's motion to renew and reargue and adhered to its earlier determination, and granted respondents' motion to renew and reargue, and upon renewal and reargument, dismissed the petition, unanimously dismissed, without costs, as moot.

Contrary to petitioners' assertion, it is necessary to obtain jurisdiction over the person of respondents for a special proceeding to confirm an arbitration award to be valid (*see Matter of Star Boxing, Inc. v DaimlerChrysler Motors Corp.*, 17 AD3d 372 [2d Dept 2005] [failure to properly serve notice of petition required dismissal for lack of jurisdiction over respondent]; *Pacnav S.A. v Effie Bus. Corp.*, 29 Misc 3d 1129, 1132 [Sup Ct, NY County 2010] [regardless of status of arbitration proceeding, absent jurisdictional basis, court could not grant attachment]).

In the arbitration agreement before us, respondents preserved all objections to jurisdiction, but not in a jurisdiction where their assets could be found. Because the evidence showed that no assets of respondents were in New York, the agreement provided no basis for personal jurisdiction here. Moreover, because none of the transactions at issue, which involved the sale of properties in the Bahamas through an auction house in New York, were substantially related to the causes of action in the arbitration, those transactions could not give rise to long arm jurisdiction (*see Johnson v Ward*, 4 NY3d 516, 519 [2005]). Nor could the possible use of a wire transfer by third parties that might pass through a bank in New York give rise to

personal jurisdiction over respondents, without more (*cf. Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327, 340 [2012]). There was no basis for a hearing on the disposition of the assets at issue, by which it appears petitioners were attempting to find evidence of contempt. It is undisputed that no restraints were in place when the dispositions at issue were made.

We have considered petitioners' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.