■ DAVID ROSENBERG, as Executor of SHIRLEY RIKER, Deceased, Appellant, v SALVATORE TRAZZERA, Respondent, et al., Defendants. [48 NYS3d 204]—

In an action, inter alia, pursuant to RPAPL article 15 for the determination of claims to real property, the plaintiff, David Rosenberg, as the executor of the estate of Shirley Riker, appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated October 15, 2014, as denied the motion of Shirley Riker to preliminarily enjoin the defendant Salvatore Trazzera from trespassing on her real property and interfering with the use of a certain driveway, and granted those branches of the defendant Salvatore Trazzera's cross motion which were pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and to cancel the notice of pendency against his real property.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant Salvatore Trazzera's cross motion which were pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and to cancel the notice of pendency against his real property, and substituting therefor a provision denying those branches of his cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

In 2013, Shirley Riker and the defendant Salvatore Trazzera owned adjacent parcels of real property in Cold Spring Harbor. Prior to filing and serving a summons and complaint, Riker moved to preliminarily enjoin Trazzera from trespassing on her real property and interfering with the use of a driveway that runs along the border of the two parcels. Approximately one month later, on August 6, 2013, Riker filed a summons and complaint. Trazzera cross-moved, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and to cancel the notice of pendency against his real property. In opposition to the cross motion, Riker submitted an affidavit of service establishing that she served Trazzera with a summons, complaint, and notice of pendency on August 28, 2013, during the pendency of the cross motion. In the order appealed from, the Supreme Court denied Riker's motion and granted those branches of Trazzera's cross motion which were pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and to cancel the notice of pendency against his real property. Riker died after she filed a notice of appeal, and David Rosenberg, as the executor of her estate, was substituted as plaintiff.

The service of the summons and complaint during the pendency of Trazzera's cross motion effectively obviated his jurisdictional objection to the action against him, and constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Bank of Am., N.A. v Valentino*, 127 AD3d 904, 904 [2015]). In response, Trazzera failed to rebut the prima facie proof of proper service set forth in that affidavit of service (*see Deutsche Bank Natl. Trust Co. v Quinones*, 114 AD3d 719, 719 [2014]; *Scarano v Scarano*, 63 AD3d 716, 716-717 [2009]). Further, contrary to the finding of the Supreme Court, the notice of pendency was properly served on Trazzera within 30 days of the summons being filed (*see* CPLR 6512). Accordingly, the Supreme Court erred in granting those branches of Trazzera's cross motion which were pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and to cancel the notice of pendency against his real property.

Riker's motion to preliminarily enjoin Trazzera from trespassing on her real property and interfering with her use of a certain driveway was properly denied, as she failed to demonstrate a probability of success on the merits, the danger of irreparable harm in the absence of injunctive relief, and a balance of equities in her favor, as is required for the issuance of a preliminary injunction (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner*, 126 AD3d 859, 860 [2015]; *Arthur J. Gallagher & Co. v Marchese*, 96 AD3d 791, 791-792 [2012]).

The parties' remaining contentions are without merit. Sgroi, J.P., Cohen, Duffy and Brathwaite Nelson, JJ., concur.