Wilmington Trust, N.A. v Pape (2019 NY Slip Op 01449)





Wilmington Trust, N.A. v Pape


2019 NY Slip Op 01449


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-02109
 (Index No. 606468/15)

[*1]Wilmington Trust, National Association, etc., respondent,
v
Christopher Pape, et al., defendants, 134 Eel Pot Alley, LLC, appellant.


Zimmerman Law, P.C., Huntington Station, NY (Naomi Trainer of counsel), for appellant.
Sandelands Eyet, LLP, New York, NY (Alina H. Eyet of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant 134 Eel Pot Alley, LLC, appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), entered February 17, 2017. The order denied that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
We agree with the determination of the Supreme Court that service upon a foreign limited liability company such as the defendant 134 Eel Pot Alley, LLC (hereinafter the defendant), by personal delivery to the defendant's authorized agent was proper under CPLR 311-a. Moreover, the plaintiff's re-service of the summons and verified complaint pursuant to CPLR 311-a during the pendency of the defendant's motion to dismiss obviated the defendant's jurisdictional objection (see Rosenberg v Trazzera, 147 AD3d 1099; Bank of Am., N.A. v Valentino, 127 AD3d 904; IBJ Schroder Bank & Trust Co. v Zaitz, 170 AD2d 579).
The defendant's remaining contentions concerning the timeliness of the re-service and the sufficiency of the affidavit of service are improperly raised for the first time on appeal (see R & B Design Concepts, Inc. v Wenger Constr. Co., Inc., 153 AD3d 864; Village of Kiryas Joel v County of Orange, 144 AD3d 895).
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court