Moss v Gurfein Douglas, LLP (2020 NY Slip Op 04937)





Moss v Gurfein Douglas, LLP


2020 NY Slip Op 04937


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-01758
2018-03776
 (Index No. 700811/15)

[*1]Maxine Moss, etc., appellant, 
v
Gurfein Douglas, LLP, respondent.


Ruskin Moscou Faltischek, P.C., Uniondale, NY (E. Christopher Murray of counsel), for appellant.
Gurfein Douglas, LLP, New York, NY (Richard A. Gurfein and Preston J. Douglas of counsel), respondent pro se.



DECISION & ORDER
In an action to recover attorneys' fees, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered December 5, 2017, and (2) a judgment of the same court entered February 6, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho , 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action to recover attorneys' fees from the defendant law firm for a client referral made by the plaintiff's decedent, George Moss, who was an attorney. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the complaint. Thereafter, the court entered a judgment in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
The defendant established its prima face entitlement to judgment as a matter of law by submitting evidence that there was no written agreement between George Moss and the defendant to share fees in the underlying medical malpractice case. Furthermore, even assuming that there was a fee-sharing agreement in place, an attorney who seeks a share of the fee pursuant to such an [*2]agreement must have contributed some work, labor, or service toward the earning of the fee (see Benjamin v Koeppel , 85 NY2d 549, 556; Krug v Offerman, Fallon, Mahoney & Cassano , 214 AD2d 889; Grasso v Kubis , 198 AD2d 811). Here, the record establishes that George Moss's role was merely that of a finder, who referred the plaintiff in the underlying action to the defendant. In order to be entitled to a portion of the fee, more is required of the forwarding attorney than the mere recommendation of a lawyer (see Nicholson v Nason & Cohen, P.C. , 192 AD2d 473). The plaintiff failed to raise a triable issue of fact in opposition.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint, and for the same reasons, we agree with the court's determination to deny the plaintiff's cross motion for summary judgment on the complaint.
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court