Jampolskaya v Ilona Genis, MD, P.C. (2022 NY Slip Op 03104)

Jampolskaya v Ilona Genis, MD, P.C.

2022 NY Slip Op 03104

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2019-13441
 (Index No. 511629/17)

[*1]Ella Jampolskaya, respondent, 
v
Ilona Genis, MD, P.C., et al., defendants, Mark Harooni, etc., appellant.

Ekblom & Partners, LLP, New York, NY (Deborah I. Meyer of counsel), for appellant.
William Pager, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Mark Harooni appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated July 3, 2019. The order, insofar as appealed from, denied that branch of the cross motion of the defendants Mark Harooni, Harooni & Sheindlin, M.D., P.C., and Mark Harooni, M.D., PLLC, which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against the defendant Mark Harooni for lack of personal jurisdiction.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant Mark Harooni was properly served with process pursuant to CPLR 308(2) and a new determination thereafter of that branch of the cross motion of the defendants Mark Harooni, Harooni & Sheindlin, M.D., P.C., and Mark Harooni, M.D., PLLC, which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against the defendant Mark Harooni.
In relevant part, CPLR 308(2) provides that personal service upon a natural person may be acquired "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by . . . mailing the summons by first class mail to the person to be served at his or her actual place of business" within 20 days. "CPLR 308(2) requires strict compliance and the plaintiffs have the burden of proving, by a preponderance of the credible evidence, that service was properly effected" (Kerney v Neurosurgeons of N.Y., 31 AD3d 390, 391; see Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "'[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service'" (U.S. Bank N.A. v Dass, 200 AD3d 1003, 1004, quoting Wells Fargo Bank, NA v Chaplin, 65 AD3d at 589; see Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116). "'However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service'" (HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 663, quoting Rosemark Contrs., Inc. v Ness, 149 AD3d at 1116; see JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183). "If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue" (Rosemark Contrs., Inc. v Ness, 149 AD3d at 1116).
Here, the Supreme Court erred in determining that branch of the cross motion of the defendants Mark Harooni, Harooni & Sheindlin, M.D., P.C., and Mark Harooni, M.D., PLLC, which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against [*2]Harooni for lack of personal jurisdiction without first conducting a hearing to determine the validity of service of process. An affidavit of service sworn to on February 6, 2018, constituted prima facie proof of proper service on Harooni at his "actual place of business" pursuant to CPLR 308(2) (see U.S. Bank N.A. v Dass, 200 AD3d 1003). However, an affidavit submitted by Harooni in support of the cross motion was sufficient to demonstrate that the address where service was alleged to have been effected in the affidavit of service sworn to on February 6, 2018, was not in fact the address of Harooni's "actual place of business" (CPLR 308[2]; see Rosemark Contrs., Inc. v Ness, 149 AD3d at 1116; Flagster Bank, FSB v Campbell, 137 AD3d 853, 855; Wilbyfont v New York Presbyt. Hosp., 131 AD3d 605, 606).
Moreover, an amended affidavit of service sworn to on March 5, 2019, submitted by the plaintiff in opposition to the cross motion, could not be used to cure the apparent defect in the affidavit of service sworn to on February 6, 2018. Pursuant to CPLR 305(c), a court, "[a]t any time, in its discretion and upon such terms as it deems just, . . . may allow any . . . proof of service of a summons to be amended, if a substantial right of a party against whom the summons is issued is not prejudiced" (see Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676; County of Nassau v Gallagher, 35 AD3d 786). An "erroneous address" contained in an affidavit of service affects a defendant's substantial right to notice of the proceeding against him or her, and may not be corrected by an amendment (Matter of MRC Receivables Corp. v Taylor, 57 AD3d 1000, 1001). Here, the amended affidavit of service sworn to on March 5, 2019, attempted to correct the admitted erroneous address contained in the affidavit of service sworn to on February 6, 2018, and therefore should not have been considered (see id. at 1001; cf. JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183; Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court