HSBC Bank USA, N.A. v Rini (2023 NY Slip Op 03856)

HSBC Bank USA, N.A. v Rini

2023 NY Slip Op 03856

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-07974
 (Index No. 618923/18)

[*1]HSBC Bank USA, National Association, respondent, 
v
Patricia Rini, appellant, et al., defendant.

Young Law Group, PLLC, Bohemia, NY (Justin F. Pane of counsel), for appellant.
Robertson Anshutz Schneid Crane & Partners (Stradley Ronon Stevens & Young, LLP, New York, NY [Lijue T. Philip], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Patricia Rini appeals from an order of the Supreme Court, Suffolk County (Michael A. Gajdos, Jr., J.), dated September 2, 2020. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant Patricia Rini was properly served with process pursuant to CPLR 308(2), and a new determination thereafter of that branch of that defendant's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
The plaintiff commenced this action against the defendant Patricia Rini (hereinafter the defendant), among others, to foreclose a mortgage. The defendant moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In support of that branch of her motion, the defendant argued, inter alia, that the affidavit of service pursuant to CPLR 308(2) that was filed by the plaintiff was facially defective in that the process server had averred, in relevant part, that he had mailed a copy of the summons and complaint to the defendant on October 25, 2018, but he had executed the affidavit of service on October 24, 2018, which was one day prior to the time when he had allegedly mailed process to the defendant.
In February 2019, around the same time it filed its opposition to the defendant's motion, the plaintiff filed two amended affidavits of service from that same process server. In the first amended affidavit of service, which was filed on February 11, 2019, the process server again averred, in relevant part, that he had mailed the summons and complaint to the defendant on October 25, 2018. In the second amended affidavit of service, which was filed on February 12, 2019, the process server averred, in relevant part, that he had mailed the summons and complaint to the defendant on October 22, 2018, and not on October 25, 2018, as he had previously averred in the original affidavit of service and the first amended affidavit of service. The plaintiff also filed an [*2]affidavit of explanation wherein a team leader of the process service company, and not the subject process server, averred, in relevant part, that the summons and complaint was mailed to the defendant on October 22, 2018, as set forth in the company's business record that was attached to the affidavit.
In an order dated September 2, 2020, the Supreme Court denied the defendant's motion. The court determined, inter alia, that the plaintiff's filing of the second amended affidavit of service, together with the affidavit of explanation, cured the mailing date defect in the original affidavit of service and the first amended affidavit of service. The defendant appeals.
CPLR 308(2) provides that personal service upon a natural person may be acquired "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business" within 20 days. "CPLR 308(2) requires strict compliance and the plaintiffs have the burden of proving, by a preponderance of the credible evidence, that service was properly effected" (Jampolskaya v Ilona Genis, MD, P.C., 205 AD3d 785, 786, quoting Kearney v Neurosurgeons of N.Y., 31 AD3d 390, 391; see Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589).
Here, the Supreme Court erred in determining that branch of the defendant's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction without first conducting a hearing to determine the validity of service of process (see Jampolskaya v Ilona Genis, MD, P.C., 205 AD3d at 786). The original affidavit of service sworn to on October 24, 2018, as conceded by the plaintiff, contained an inaccurate mailing date. After the first amended affidavit of service filed by the plaintiff contained the same inaccurate mailing date, contrary to the court's determination, the second amended affidavit of service, which allegedly contained the correct mailing date, could not be used to cure the apparent defect in the original affidavit of service and the first amended affidavit of service.
Pursuant to CPLR 305(c), a court, "[a]t any time, in its discretion and upon such terms as it deems just, . . . may allow any . . . proof of service of a summons to be amended, if a substantial right of a party against whom the summons [is] issued is not prejudiced" (Jampolskaya v Ilona Genis, MD, P.C., 205 AD3d at 787). However, similar to an erroneous address contained in an affidavit of service (see id.), an erroneous mailing date "affects a defendant's substantial right to notice of the proceeding against him or her, and may not be corrected by an amendment" (id. at 787; see Matter of MRC Receivables Corp. v Taylor, 57 AD3d 1000, 1001). Here, the second amended affidavit of service attempted to correct the admitted erroneous mailing date contained in the original affidavit of service and the first amended affidavit of service, and therefore should not have been considered (see Jampolskaya v Ilona Genis, MD, P.C., 205 AD3d at 787; Matter of MRC Receivables Corp. v Taylor, 57 AD3d at 1001; cf. JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1186; Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676, 676).
The parties' remaining contentions are without merit or need not be reached in light of our determination.
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court