John Doe v Mesivtha, Inc. (2024 NY Slip Op 02172)

John Doe v Mesivtha, Inc.

2024 NY Slip Op 02172

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-06095
 (Index No. 520624/21)

[*1]John Doe, respondent, 
v
Mesivtha, Inc., etc., et al., defendants; David Doe, defendant-appellant.

Abrams Fensterman, LLP, Brooklyn, NY (Robert A. Spolzino, Melanie I. Wiener, Lisa Colosi Florio, and Aaron Zucker of counsel), for defendant-appellant.
The Clancy Law Firm, P.C., New York, NY (Donna H. Clancy of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant David Doe appeals from an order of the Supreme Court, Kings County (Laurence L. Love, J.), dated June 6, 2023. The order, insofar as appealed from, denied that defendant's cross-motion, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant David Doe was properly served with process pursuant to CPLR 308(2) and a new determination thereafter of that defendant's cross-motion.
The plaintiff commenced this action pursuant to the Child Victims Act (see L 2019 ch 11), alleging, among other things, that while attending a residential high school, he was sexually assaulted by a fellow student, whom the complaint referred to as "David Doe" (hereinafter the defendant). The plaintiff moved for leave to enter a default judgment against the defendant, submitting an affidavit of service purporting to show that a process server effectuated service on the defendant by personally delivering a copy of the amended summons and complaint to his residence. The defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground that service of process was improper because the affidavit of service failed to aver that the process server also mailed the amended summons and complaint to the defendant's residence as required by CPLR 308(2). The defendant also argued that the plaintiff improperly identified him as "David Doe" in the complaint despite the plaintiff knowing the defendant's actual name. In an order dated June 6, 2023, the Supreme Court, inter alia, denied the defendant's cross-motion. The defendant appeals.
CPLR 308(2) provides that personal service upon a natural person may be acquired "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business" within 20 days. CPLR 308(2) requires strict compliance and the plaintiff has "the burden of proving, by a preponderance of the credible evidence, that service was properly effected" (HSBC Bank USA, N.A. v Rini, 218 AD3d 664, 666 [internal quotation marks omitted]).
Here, the Supreme Court erred in determining the defendant's motion, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction without first conducting a hearing to determine the validity of service of process on the defendant (see HSBC Bank USA, N.A. v Rini, 218 AD3d at 666; Jampolskaya v Ilona Genis, MD, P.C., 205 AD3d 785, 786). The original affidavit of service sworn to on August 30, 2021, failed to aver that the process server mailed the amended summons and complaint as required by CPLR 308(2). Contrary to the court's determination, an amended affidavit of service, which now averred that the process server effected a "first class mailing of all documents to the defendant['s] residence," could not be used to cure the apparent defect in the original affidavit of service.
Pursuant to CPLR 305(c), a court, "[a]t any time, in its discretion and upon such terms as it deems just, . . . may allow any . . . proof of service of a summons to be amended, if a substantial right of a party against whom the summons [is] issued is not prejudiced" (Jampolskaya v Ilona Genis, MD, P.C., 205 AD3d at 787; see HSBC Bank USA, N.A. v Rini, 218 AD3d at 666). However, this Court has previously held that certain defects in an affidavit of service, which are related to "a defendant's substantial right to notice of the proceeding against him or her, . . . may not be corrected by an amendment" (Jampolskaya v Ilona Genis, MD, P.C., 205 AD3d at 787; see Matter of MRC Receivables Corp. v Taylor, 57 AD3d 1000, 1001). These defects include an erroneous address (see e.g. Jampolskaya v Ilona Genis, MD, P.C., 205 AD3d at 787) and an erroneous mailing date (see e.g. HSBC Bank USA, N.A. v Rini, 218 AD3d at 666-667). The omission from an affidavit of service of a statement that a mailing in compliance with CPLR 308(2) was effectuated also is not amenable to correction pursuant to CPLR 305(c) (see HSBC Bank USA, N.A. v Rini, 218 AD3d at 667; Jampolskaya v Ilona Genis, MD, P.C., 205 AD3d at 787; cf. JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1186). Accordingly, the plaintiff's amended affidavit of service should not have been considered.
The defendant's remaining contention is without merit.
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court